IN THE MATTER OF: The Complaint of MRS. PANZY EYTCHISON Against WILLIAM W. FLOURNOY, for Unprofessional conduct.

195 So. 142
En Banc
Opinion Filed March 19, 1940
Rehearing Denied April 12, 1940

*W. W. Flournoy* in proper person, for Appellant;

*George Couper Gibbs,* Attorney General, and *William Fisher, Jr.,* Assistant Attorney General, for Appellee.

TERRELL, C. J.—This case is similar to the case growing out of the complaint of Mrs. Chloe M. Holland and J. O. Holland, against William W. Flournoy, filed this date, only the complaining party, the amount involved, and the judgment being different. Both complaints were investigated by the Commission at the same session and like procedure was in all respects observed.

The substance of the complaint in this case is that the complaining witness employed the accused to litigate and recover some claims for excess taxes paid her to the City of Marianna, that she paid the accused a retainer fee of $25.00 and turned over to him certain tax receipts and certificates, that two years have elapsed and nothing has been done to accomplish what the accused was employed to do though he has been frequently importuned to do so.

On consideration of the report and recommendation of the commission, the circuit court entered a final decree suspending the accused from the practice of law until he make restitution of the $25.00 to the complaining witness. That decree is here for review. The same questions are raised on this appeal as were raised in the case heretofore cited so the judgment is reversed with directions to the chancellor to enter a judgment requiring the accused to make restitution of the fee of $25.00 adjudged against him

within thirty days and in default of which restitution, he be suspended from the practice of law for a period of two months provided that if at any time within that period he makes restitution, he may reenter the practice of law.

Reversed with directions.

WHITFIELD, P. J., BROWN, BUFORD, CHAPMAN and THOMAS, J. J., concur.

Justice BUFORD not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.

BUFORD, J.—I am not participating in the disposition of this case because I think there are presented here serious constitutional questions which would require much time and research to properly determine.

The conclusion reached by the majority of the Court results in the suspended attorney being immediately restored to the right to practice and I feel that justice demands that this should not be delayed, especially in view of the fact that the charges upon which the attorney was suspended did not involve moral turpitude but involve, at most, the alleged negligence in the performance of his professional duties.