HOBSON, Justice.
Robert J. Fishkind, the respondent, is a member of the Florida Bar and subject to the disciplinary provisions of the Integration Rule, art. XI, as adopted by the Supreme Court of Florida on December 6, 1955, 31 F.S.A. During the years 1955 and 1956 two separate charges of professional misconduct were lodged against the respondent. On September 16, 1957, the Honorable D. Wallace Fields, Referee, conducted seperate hearings into each complaint. Upon completion of each hearing the Referee made findings and recommendations.
With respect to the first complaint that the respondent, after acceptance of employment and a retainer to prosecute a claim, neglected to prosecute said claim, all to the detriment of his clients, the Referee found:
“Findings of Fact
“The allegations of the complaint were fully proved. In fact, the Respondent admitted the charges were true. He countered with the explanation that another suit was pending which would largely decide the question involved in the * * * claim and that he was protecting his clients’ best interests by the delay. He further defended on the ground that he advised his clients to cease payments on the disputed note and conditional sale contract with the hope that the seller would sue the clients and that Respondent would have a tactical ad *132 vantage in defending on the basis of usury. His defenses disappeared by the showing that the pending suit was not decisive of the * * * claim and that Respondent did not discuss his delaying tactics with his clients.
“Thus the charges of procrastination and the misrepresentation that the * * * suit had been filed stand un-denied and without a satisfactory explanation. The complaining witness was not vindictive and indicated by her demeanor on the stand that she did not desire harsh disciplinary action against Respondent.
“Recommendations
“I recommend that the Board of Governors of The Florida Bar administer a private reprimand to the Respondent for his procrastination in filing his clients’ case and for his untruthful statement that the case had been filed.”
The second complaint involved a charge that the respondent, after accepting employment and filing a complaint in behalf of his client, failed to continue as counsel without making it clear to his client, the court or opposing counsel, that he was withdrawing as counsel. The Referee found:
“Findings of Fact
“All of the allegations in the Complaint were admitted by the Respondent except the averment that Respondent did not notify his client of the hearing on * * * [the] Motion for Summary Judgment. He [Respondent] testified that he made a personal visit to the home of the client to notify her of the hearing. His testimony on this point is uncorroborated.
“The testimony reflects that at least on one occasion the complaining witness was visited by a psychiatrist, who recommended psychiatric treatment. The witness’ demeanor on the stand indicated emotional instability.
“In the unreported argument of Counsel for the Florida Bar, he stated that the complaining witness accused all lawyers of being ‘crooks/ and that he could not blame the Respondent from resigning [sic] as her attorney. However, counsel further stated, and I subscribe to his opinion, that the Respondent owed a higher duty to this client, because of her condition, than to any other.
“The testimony of the Respondent, standing alone, is sufficient to convict him of the charges of unprofessional conduct.
“Recommendations
“I recommend that the Board of Governors of The Florida Bar administer a private reprimand to the Respondent for his failure to continue as counsel in * * * [this] case until it was made clear to his client, the court and counsel for his client’s adversaries, that he was withdrawing as counsel and that no further proceedings should be taken against his client unless she was permitted ample time in which to obtain another attorney.”
Both the respondent and his ex-secretary testified that in October of 1954, the complaining witness, in a fit of anger, discharged the respondent from his duties as counsel. Said incident took place approximately six months before the respondent’s failure to appear at the summary judgment hearing. However, it is equally clear that the respondent did not notify the court or opposing counsel of such discharge.
This court has many times stated that the practice of law is a privilege which places special burdens upon those choosing to pursue this honorable profession. Law, being a “jealous mistress”, *133 makes extraordinary demands upon members of the bar.
As members of this profession we realize that our standing is often measured in the layman’s mind by the manner in which we discipline that small minority of our brethren who break the rules of fidelity and trust required by our calling.
In determining the appropriate discipline to be imposed upon those guilty of unprofessional conduct, Mr. Justice Terrell’s statement in the case of State ex rel. Florida Bar v. Murrell is persuasive.
“The judgment in a case like this must have these factors in mind: (1) it must be just to the public and must be designed to correct any anti-social tendency on the part of respondent as well as deter others who might tend to engage in like violations; (2) it must be fair to respondent at the same time the duty of the court to society is paramount.” 1954, 74 So.2d 221, 227.
Applying these standards to the instant case, we feel that the judgment of the Board of Governors, filed herein for review, suspending the respondent from the practice of law for six months is somewhat severe. Although the respondent was properly found guilty of violations of the canons of professional ethics, his acts did not involve moral turpitude. The respondent fundamentally was guilty of carelessness, procrastination and inattention to duty.
The Referee sat as a trier of fact on both complaints. He was thus best able to observe the demeanor of the witnesses. It was the Referee’s recommendation that a private reprimand in each case would be sufficient.
Upon careful review of this record and after giving due weight to the judgment of the Board of Governors and the recommendations of the Referee, we believe that a public reprimand is sufficient discipline in the instant case.
It follows, therefore, that only so much of the judgment of the Board of Governors as requires the respondent to pay the cost of these proceedings is approved, and the respondent is herein and hereby publicly reprimanded for his neglect of duty and unprofessional conduct.
TERRELL, C. J., and THOMAS, SEBRING and DREW, JJ., concur.