HOBSON, Justice.
This is a disciplinary proceeding against Arthur A. Kimmel as a member of The Florida Bar, the charge being that respondent, in February, 19S9, unlawfully and feloniously appropriated approximately $18,000, the property of his client.
The matter was heard before Grievance Committee A of the Eleventh Judicial Circuit, which filed its report with The Florida Bar, finding that there was probable cause to believe that the respondent had violated Canon XI of the Canons of Professional Ethics, as adopted by the Supreme Court of Florida on December 5, 1955, and Rules 1, 27, 28 and 30 of additional rules governing the conduct of attorneys in Florida as adopted by the Supreme Court of Florida on January 27, 1941, and December 6, 1955, 31 F.S.A. The Grievance Committee recommended that further disciplinary action be taken against the respondent by the Board of Governors. Although the respondent attorney had been duly notified of the hearing before the Grievance Committee, he did not make an appearance at the hearing. Subsequently, a complaint was filed by The Florida Bar charging the respondent with the aforementioned professional misconduct. The respondent entered a plea of guilty to the charge which the Board of Governors accepted. The Board thereafter entered a judgment that the respondent be disbarred. The only issue before this court on review is whether the judgment of disbarment by the Board of Governors in this case is justified or whether a less drastic and severe punishment should be adjudged.
It appears that the defalcation of the respondent grew out of his representation of a client who was a plaintiff in a personal injury action. A settlement of approximately $27,000 was reached and agreed upon by the client. A check for that amount was received by the respondent who forwarded it to his client in another city with the request that the client endorse the check and return it to the respondent who then would deposit the check, deduct his fee and expenses and forward a check to the client for the net amount due him, which was approximately $18,000. The client complied with the request, but when the check for $18,000 was not forthcoming, he contacted the respondent on several occasions regarding its whereabouts. The respondent, after making various excuses, finally admitted that he had converted the money to his own use. An information charging the respondent with grand larceny from the client was filed but was later dismissed for lack of prosecution at the client’s request. It appeared that the client had been reimbursed by the respondent to the extent of *706 $3,000, and that respondent had signed notes for the remainder of the money owing.
As indicated above, the respondent has admitted this misconduct by virtue of his plea of guilty to the complaint filed against him by the Board of Governors of The Florida Bar. Moreover, it does not appear from the record that the respondent has offered any evidence in his own behalf concerning the offense. Although counsel for respondent stated in his argument that there were extenuating circumstances, he failed to recite them and we are unable to find any mitigating attendant conditions in this record.
There is no offense more damaging to the reputation of the bar than one of the type involved here. It is one which strikes at the very heart of the attorney-client relationship. To allow the respondent to continue in the practice of law after having so violated the trust reposed in him by his client is unthinkable. This is especially true where, as in this case, there appear to be no factors which tend to palliate this grave offense, other than the fact of partial restitution. The court is of the opinion that no less remedy than disbarment would serve the needs of justice and protect the integrity of the bar in this case.
It is accordingly ordered and adjudged that the judgment of the Board of Governors of The Florida Bar, dated August 8, 1960, that respondent Arthur A. Kimmel is guilty of unprofessional conduct as charged, that he be disbarred from the practice of law in Florida, and that he pay the costs incurred in the disciplinary proceeding in the sum of $72.80; be and the same is approved and adopted as the judgment of this court. Execution is hereby directed to issue for the costs assessed against the respondent.
THOMAS, C. J., and TERRELL and DREW, JJ., concur.
ROBERTS, J., concurs in judgment.