O’CONNELL, Justice.
James C. Hogsten, the respondent, petitioned this Court to review a recommendation of the Board of Governors of The Florida Bar that Mr. Hogsten be suspended from the practice of law for a period of six months, and thereafter until he shows the Board of Governors and this Court that he has been fully rehabilitated, and until he makes restitution to a former client in amount of $100 and pays the costs of this proceeding in the sum of $514.60.
The referee found the respondent guilty of professional misconduct and recommended that he be suspended from the practice of law for one year and until he pay the costs of these proceedings, make restitution to a client of $100, and show satisfactory proof of his rehabilitation.
The Board of Governors reduced the period of suspension to six months but otherwise accepted the referee’s recommendations.
The respondent, in his petition for review of the judgment of the Board of Governors, complains that suspension from the practice for six months is too harsh a penalty and is not justified by the facts in this case.
The gravamen of the misconduct of the respondent is found in the following facts which were not disputed, but were admitted by him.
In March 1955 a client engaged respondent to obtain a divorce for him. Suit was instituted and hearings were had before a special master, who in May 1955 rendered a report recommending the divorce be granted. Respondent did not file the master’s report until December 1955, when the client completed payment of the fee due respondent. At the time the client made final payment on the fee the respondent advised the client that the divorce suit was completed and that he was free to remarry.
The client did remarry, as did his first wife, and in 1957 the client again engaged the respondent to obtain a divorce from the second wife, which proceedings were successfully prosecuted to conclusion by respondent.
Thereafter the client decided to make another try at marrigae. In attempting to obtain copies of his previous divorce decrees he found that a final decree had never been *670 entered in the divorce suit instituted against his first wife in 1955.
The client contacted respondent’s office and ultimately respondent, who testified that he was at that time in a hospital suffering from a lung ailment, was advised of the situation. He testified that he then referred the matter to another attorney associated with his office for action.
Nevertheless the matter was not attended to and the client engaged other counsel who did succeed in having a final decree entered in the cause. The client paid the other counsel $100 for this service and it is this sum which the Board of Governors’ judgment directs be paid to the client as one of the conditions of reinstatement of the respondent.
The referee held a hearing and filed his report. Thereafter the respondent petitioned the Board of Governors for leave to introduce further evidence, which was granted. The referee then held three additional hearings, after which he filed a supplemental report in which he repeated the recommendations made in his first report.
In his petition for review the respondent contends the record shows that his failure to properly prosecute the subject divorce action to completion was due to alcoholism and illness; that he has now overcome both weaknesses; that no one suffered any permanent damage from his dereliction of duty; and therefore that the judgment of suspension is not deserved.
The record does show that the respondent was addicted to some extent to alcoholic beverages in the years 1958 and 1959 and that he was ill to the point of confinement to a hospital on several occasions in those years. It also indicates that he has overcome his alcoholism and enjoys an improved condition of health.
However, we find nothing in the record which can be said to excuse respondent’s action in advising his client that he was free to remarry at a time when respondent knew that the final decree of divorce in question had in fact not been entered. The record indicates that a final decree was prepared and placed in the court file. The respondent’s testimony that he relied upon his office staff to follow through to see that the decree was entered and that they failed to do so is reasonable and understandable, but it does not excuse his misconduct in advising the client that he was divorced when he knew the contrary to be true.
Further, the record indicates that the alcoholism and illness of respondent occurred long after the occasion on which he wrongfully advised the client that he was free to marry. Therefore, the respondent’s personal problems are not relevant for consideration as mitigating circumstances.
The respondent speaks of his wrong involved here as being negligence. We do not agree.
Certainly his telling the client that he was free to marry in no wise involves negligence.
It might be said that the respondent’s failure to present the final decree to the chancellor for execution was a result of negligence or lack of attention to the affairs of his client.
But here the record shows that even after the client called to respondent’s attention the absence of the final decree respondent failed to perform his clear duty, requiring that the client obtain the services of other counsel to secure the decree. This was more than negligence. It was a clear failure to act when action was required.
As has been said many times by many courts, disciplinary proceedings are taken principally for the benefit of the public and its protection from those who are not capable of performing the duties of the lawyer in a manner that adequately serves the public’s and the individual client’s interests.
*671 The respondent’s actions demonstrate that he is not capable of performing the duties of a member of the Bar of Florida. Until he demonstrates that he is so capable, he should not be privileged to hold himself out as being a competent member of the bar.
Except as to the costs to be assessed against the respondent, the judgment of the Board of Governors is approved. As to the item of costs, after inquiry directed to The Florida Bar, we are informed that in fact only the sum of $257.60 in costs is directly attributable to this proceeding. Accordingly costs assessed in this opinion should be limited to the sum of $257.60 rather than the sum of $514.60 mentioned in the judgment of the Board of Governors. The larger sum apparently includes costs incurred by The Florida Bar in other matters involving the respondent.
The respondent, James C. Hogsten, is suspended from the practice of law for a period of six months from the date of entry of this opinion and thereafter until he demonstrates that he has rehabilitated himself pursuant to Section 5(i) of Article XI of the Integration Rule, 31 F.S.A., and demonstrates that he can and will perform the duties of the office of attorney in accordance with the best traditions of the legal profession. Further, he must make restitution to his former client, identified in the record of these proceedings, in sum of $100 and must pay the costs of this proceeding in the sum of $257.60.
THOMAS, C. J., and TERRELL and THORNAL, JJ., concur.
DREW, J., concurs in part and dissents in part with opinion.