PER CURIAM.
The Florida Bar filed a complaint against the respondent, John D. Johnson, an attorney, admitted to practice law in the State of Florida, charging’ that the respondent was guilty of unprofessional conduct in that he accepted money and employment in his professional capacity to make payment of certain taxes on real property owned by a client but failed to make said payments and subsequently commingled the trust money with his personal funds; that upon two occasions he accepted deposits and employment to institute divorce proceedings but failed to institute the proceedings and refused to refund the monies deposited therefor. By reason of these alleged acts, the respondent was charged with violation of Rule B, section (1), subd. 44 of the Rules Governing the Conduct of Lawyers in Florida and Rules 1 and 30 of Additional Rules Governing the Conduct of Attorneys in Florida, 31 F.S.A. A hearing on the complaint was duly held before a referee who, after taking the evidence, found that the matters alleged in the complaint were true; that the respondent was guilty of the allegations of misconduct and thereupon recommended that the respondent be disbarred.
Thereafter, on February 8, 1961, the Board of Governors of The Florida Bar filed with the clerk of this court its judgment in which the findings of fact made by the referee were approved and adopted. The Referee’s recommendation of disciplinary action was mitigated to the extent that the respondent be suspended from the practice of law for a period of six months after the judgment should become final, and continuously thereafter until he should demonstrate to the Board of Governors of The Florida Bar, and to this court that he is entitled to be reinstated in the practice of law. The judgment also assessed actual costs of the proceedings against the respondent in the sum of $94.05.
More than thirty days having now elapsed since the filing with the clerk of this court of the judgment of the Board of Governors together with the transcript of the evidence and the other proceedings in the cause, and no petition for review of said judgment having been filed, and this court, having duly considered the record and the recommendations in said cause, it is ordered that the judgment oí the Board of Governors of The Florida Bar that the respondent John D. Johnson be suspended from the practice of law in Florida for a period of six months commencing with the date of this order and continuously thereafter until he shall have paid the costs of this proceeding in the sum of $94.05 and further, continuously thereafter until in accordance with Article XI, Section 5(i) of the Integration Rule, 31 F.S.A., he shall demonstrate to the Board of Governors of The Florida Bar, and to this court that he is entitled to be reinstated in the practice of law, be and the same is hereby approved and adopted as the judgment of this court. The respondent shall not be entitled to apply for reinstatement until at least six months after date of this order, and no petition for reinstatement shall be filed until it affirmatively appears that the respondent has repaid all sums of money which he has received and converted to his own use, together with lawful interest from the date he received the same.
Execution is hereby directed to issue for the costs assessed against the respondent.
THOMAS, C. J., and ROBERTS, DREW, THORNAL and O’CONNELL, JJ., concur.