TERRELL, Justice.
Respondent is a member of The Florida Bar and practices law at Miami, Florida. Fie is subject to the disciplinary provisions of its Integration Rule, as approved by the Supreme Court of Florida March 4, 1950, and as subsequently amended.
A complaint was filed against respondent August 8, 1960, charging him with unprofessional conduct in that (1.) in May 1957 respondent converted $115 to his own use which he received from a client to pay taxes *307 and attorneys’ fees and has failed to account for same; (2) in April 1959 respondent received a fee of $100 for services in a divorce case but he failed to prosecute said cause or return said fee on demand; (3) in February 1960 respondent received $50 from a client for services in a divorce case but he failed to perform said services or return said fee on demand.
These charges were heard by a referee who recommended that respondent be disbarred. Instead of ordering disbarment, the Board of Governors entered an order suspending respondent from the practice of law for a period of six months and continuously thereafter until he shall have paid the cost of this proceeding and shall have demonstrated to the Board of Governors and this court that he is entitled to be reinstated in the practice of law. April 12, 1961, 127 So.2d 886, this court entered final judgment as per recommendation of the Board of Governors.
About two months after the foregoing judgment was entered a second complaint was filed by The Florida Bar against respondent charging him with unprofessional conduct in that: (1) On or about December 28, 1960, respondent agreed to represent certain clients in a cause and received from them a retainer of $165; he failed to prosecute said cause, took no action therein in their behalf, did not keep his clients informed and failed to refund the fee furnished respondent. (2) On or about March 2, 1961, respondent collected funds in the amount of $162.50 on behalf of another client and converted same to his own use and failed to account for said funds, though repeatedly requested to do so. The complaint charged respondent with violation of Canon 2 of the Canons of Professional Ethics and Rule 1 of Additional Rules Governing the Conduct of Attorneys in Florida, 31 F.S.A. The unprofessional acts charged in the second complaint took place after the original complaint was filed, subsequent to the time the referee recommended disbarment, but prior to the suspension order or judgment in the first charge.
In the second case the referee recommended that respondent be disbarred and costs be taxed against him. He recited in his recommendation: “I believe the respondent to be guilty of the charges in the complaint. Respondent at every available opportunity admitted his guilt, offered no defense, and only prayed for time to make restitution, which he has failed to do,” and recommended he be “discharged from the practice of law.”
When the case came before the referee after hearing testimony and receiving certain documentary exhibits in evidence, he filed his report with the Board of Governors finding respondent guilty of the charges laid in the complaint; in fact the referee said the respondent confessed and admitted the charges. The referee further found that there were no mitigating circumstances and recommended that respondent be disbarred.
The Board of Governors took note of the judgment of this court entered against respondent April 12, 1961, wherein respondent was suspended from the practice of law for six months. The Board of Governors also took account of respondent’s statement in opposition to their judgment wherein respondent admits the facts charged but points out the difficulty he has had in making restitution in this and other cases because of the recent judgment of suspension against him.
We think the judgment of the Board of Governors finds ample support in the records. At least five times respondent had taken money from clients to perform services for them and did not perform the services or return the money but converted it to his own use. I can think of no more flagrant violation of a trust. The lawyer in our society is at all times the confidant and trustee for his client. To abuse such a trust and offer as an excuse for doing so *308 that he was confronted with a judgment of suspension from the practice for previous violations of trust is begging the question. It reminds the writer of a case he read in one of the early reports many, many years ago about the young man who became so anxious to have his patrimony accelerated that he had his father and mother murdered and then when he came on to be tried for this crime, begged the court to have mercy on him because he was an orphan.
Absent what is said in the preceding paragraph, we find nothing in the record to suggest mitigating the penalty imposed by the Board of Governors. Respondent admits the charges against him, says he is sorry, loves his profession, says he was weak in mind and body and asks that the door be not closed against him so he can make restitution. Balanced with past conduct we see nothing in this that smacks of rehabilitation. On the other hand, it demonstrates clearly that respondent is not of that tough dependable character that senses the difference between mine and thine and which no one entering the legal profession can expect to travel far without.
The profession, the public, in fact every one who cares, expects the lawyer to live on an ethical level that abhors the violation of a trust. Trusteeship is such a large part of the lawyer’s duty that the profession cannot enjoy the respect of the public without those whose fidelity to trust is beyond question. When one violates the trust imposed in him five times in the manner shown here, the Board of Governors is warranted in concluding that he is not made of that ethical fiber essential to constitute a lawyer in a democracy like ours.
December 15, 1961, the Board of Governors approved the findings of the referee and upon consideration thereof ordered and adjudged respondent guilty of unprcffessional conduct as charged in the complaint and that he be disbarred from the practice of law in Florida, and further ordered that respondent shall pay the costs herein expended by The Florida Bar in the amount of $76.80.
The record and report of the referee and the judgment of the Board of Governors of The Florida Bar have been examined by this court. It is ordered that the judgment of the Board of Governors of The Florida Bar dated December 15, 1961, that respondent is guilty of unprofessional conduct as charged and that he is disbarred from the practice of law pursuant to Rules Governing the Conduct of Attorneys in Florida be, and the same is, approved and adopted as the judgment of this court.
THOMAS, THORNAL, O’CONNELL and CALDWELL, JJ., concur.
ROBERTS, C. J., concurs in conclusion.
DREW, J., concurs specially.