CALDWELL, Justice.
This is a disciplinary proceeding against William A. Fordham as a member of the Florida Bar, the substance of the charge being that respondent, in the years 1959 and 1960, unlawfully appropriated to his own use $500, the property of his client.
The Florida Bar caused a complaint to be issued and the matter was heard by a referee. The referee found respondent guilty of unprofessional conduct and recommended that he be administered a private reprimand and placed on probation for a period of one year.
The Board of Governors of the Florida Bar reviewed the record, concurred in the findings of guilt by the referee and found that the respondent had violated Canon 11 of the Canons of Professional Ethics, 31 F.S.A. and Rules 1, 27 and 28 of the Additional Rules Governing the Conduct of Attorneys in Florida, 31 F.S.A., whereupon the Board adjudged that the respondent be suspended from the practice of law in Florida for a period of six months and remain suspended thereafter until he shall have demonstrated rehabilitation and eligibility for reinstatement.
The respondent admitted his misconduct and submitted, in mitigation of the offense, the fact that he had made restitution of the funds improperly appropriated by him and the further fact that the offense charged was his first. We hold the factors of restitution and prior good reputation, while worthy of note, in nowise excuse the dereliction.
Few breaches of ethics are as serious as the co-mingling of a client’s funds and the use thereof for the lawyer’s private purpose.[1] There is no offense more damaging to the reputation of the Bar than one of the type involved here.[2] The public has a paramount right to expect complete integrity in its dealings with lawyers.
In affirming the judgment we have duly considered both the public interest and the welfare of the respondent. The judgment is not retributive in nature, it will safeguard the public and it will offer the respondent a fair and reasonable opportunity to recapture his self respect, the respect of *458 his community and his position as a member of the Bar.
The respondent, William A. Fordham, shall be and he is hereby suspended from the practice of law for a period of six months from the filing of this opinion and continuously thereafter until he shall have paid the cost of this proceeding in the amount of $154.07, and until, in accord with Art. XI, subd. 5(i) of the Integration Rules, 31 F.S.A., as in effect prior to January 1, 1962, he shall demonstrate to the Board of Governors of the Florida Bar and to this Court that he has made the showing required by the last cited Rule and is entitled to be reinstated in the practice of law. Respondent shall not be entitled to apply -for reinstatement until at least six months after the filing of this opinion.
It is so ordered.
ROBERTS, C. J., and TERRELL, THOMAS, THORNAL, O’CONNELL and HOBSON (Ret.) JJ., concur.

. State ex rel. Florida Bar v. Ruskin, 126 So.2d 142, 143 (Fla.1981).

. State ex rel. Florida Bar v. Kimmel, 124 So.2d 705, 706 (Fla.1960).