TERRELL, Acting Chief Justice.
May 22, 1959, Otis Gooden, of Fort Pierce, traded his 1952 Plymouth to Municipal Auto Sales, a used car dealer of Miami, Florida, for a 1952 Mercury. He paid the used car dealer, hereinafter referred to as the dealer, $100 in cash, balance to be financed. He left his Plymouth with the dealer and drove away with the Mercury. Gooden was unacceptable to the finance company, so when he returned, the dealer took the Mercury, kept Gooden’s Plymouth, the $100 in cash and left payment of the balance to Gooden.
June 10, 1959, Otis Gooden retained respondent to recover his Plymouth and the $100 cash payment. He paid respondent a retainer of $50. Gooden says he never returned to Miami or had any contact with respondent from June 10, 1959, to November 9, 1961, when he saw respondent at the grievance committee hearing. Others did contact respondent in Gooden’s behalf by letter and telephone. Complaint was made by Gooden to the grievance committee in Miami where respondent expressed a willingness to refund the retainer but later declined to do so because he thought the complaint could not be withdrawn.
The complaint charged respondent with violation of Rule 11.02 of Article XI of the Integration Rule, 31 F.S.A., and Rule 30 of the Additional Rules Governing the Conduct of Attorneys in Florida, 31 F.S.A.
The complaint was referred to Honorable Fred C. Davant, as referee and was heard September 14, 1962. The referee found that respondent totally and flagrantly violated his obligation to his client without any reason whatever; that he was guilty of the violation of Rule 11.02(4) of Article XI of the Integration Rule, Canon 11 of the Canons of Professional Ethics, 31 F.S. A., and Rules 1, 27 and 28 of the Additional Rules Governing the Conducts of Attorneys in Florida. The referee recommended', that respondent be disbarred from the practice of law in Florida.
*298 November 18, 1962, the cause was reviewed by the Board of Governors of The Florida Bar, who entered its judgment concurring in and approving the findings of fact and the finding of guilt by the referee, but disagreed with the referee as to the punishment imposed. Instead of disbarment the Board of Governors suspended respondent from the practice of law for one year after which it ordered that he may be reinstated to membership in good standing in The Florida Bar upon payment of costs herein in the sum of $131.04.
The judgment of the Board of Governors is before us for review.
Respondent contends that the referee’s finding that respondent “totally and flagrantly violated his obligation toward his client without any reason whatsoever” is error. It is shown that respondent neglected answering a number of letters to him making inquiry as to the state of Gooden’s claim. These letters were written in behalf of Gooden and duty to client besides common courtesy required an answer to them.
Respondent further contends that the record fails to disclose moral turpitude or corrupt motive and being so, the judgment imposed on him was too severe. He relies on State ex rel. The Florida Bar v. Fishkind, Fla.1958, 107 So.2d 131; Holland v. Flournoy, 142 Fla. 459, 195 So. 138; Eytchison v. Flournoy, 142 Fla. 466, 195 So. 142; State ex rel. The Florida Bar v. Murrell, Fla.1954, 74 So.2d 221; State ex rel. The Florida Bar v. Oxford, Fla.1961, 127 So.2d 107, and State ex rel. The Florida Bar v. Dunham, Fla.1961, 134 So.2d 1, to support his contention.
We have reviewed the record thoroughly and we find no showing of moral turpitude or corrupt motive. We do find that respondent procrastinated, was careless and inattentive to his duty; he neglected to keep his client informed as to the state of his business and that he grossly neglected his trusteeship and sense of responsibility to his client.
Such neglect of duty is annoying and very disappointing to a client but certainly it should not be classed as corrupt and deserving of the degree of condemnation as acts involving moral turpitude. There is no statute that measures the punishment for such offenses. They are governed and punished by rules of the profession but in the application of them, the court is controlled by mercy and discretion and such other factors as the circumstances of the case warrant. No more serious responsibility confronts this court than a challenge to the professional conduct of an attorney. As we have said before, our answer must be just to the public, must be designated to deter others from engaging in like tendencies; it must be fair to respondent and aim at correcting any antisocial tendencies on his part; then the paramount duty in the whole affair is the court’s duty to society.
It is accordingly the order of this court that the judgment of suspension from the practice of law for a period of one year be not approved because we think the punishment is too severe. In lieu thereof, the respondent, G. E. Graves, Jr., shall be, and he is hereby, suspended from the practice of law for the period of three months from the filing of this opinion and continuously thereafter until he shall have paid the costs of this proceeding in the amount of $131.04, and further thereafter until in accord with Article XI, Rule 11.10, of the Integration Rule, he shall demonstrate to the Board of Governors and this court that he is entitled to be reinstated to the practice of law upon making a showing required by the cited rule. Respondent shall not be entitled to apply for reinstatement until at least ninety days from the filing of this opinion. Until reinstatement by order of this court, the respondent shall not directly or indirectly engage in the practice of law.
It is so ordered.
THOMAS, O’CONNELL, CALDWELL and HOBSON (Ret.), JJ., concur.