PER CURIAM.
The judgment of the Board of Governors of The Florida Bar entered August IS, 1963 in this disciplinary proceeding and filed in this court August 19, 1963, with the record and evidence and all proceedings had herein, came on to be reviewed by this court.
The report of the Board of Governors finds that respondent, Charles P. Benton, is a member of The Florida Bar, subject to the disciplinary provisions of Article XI, Integration Rule of The Florida Bar, as adopted by the Supreme Court of Florida March 4, 1950, and as subsequently amended, 31 F.S.A.
Pursuant to a complaint filed by The Florida Bar, respondent was charged with violation of his oath as an attorney and with violation of the Code of Ethics adopted by the Supreme Court of Florida on January 27, 1941, as amended (Section 2, Paragraph 23, Rules Governing the Conduct of Attorneys in Florida) 31 F.S.A., in that he was employed to obtain a divorce for a client, accepted a retainer for his services, failed to file suit, but advised the client that his divorce was completed and presented him with what purported to be a certified copy of his Final Decree but which in fact was a forgery. The document given to the client was a certified copy of a Final Decree in another divorce proceeding altered to show the names of the client and his wife. After trial, the Referee found the respondent guilty as charged and recommended that he be placed upon probation.
Upon consideration of the record the Board of Governors concurred in the findings of guilt and further found that respondent’s misconduct violated Canon 8 of the Canons of Professional Ethics, 31 F. S.A., Rule 23 of the Additional Rules Governing the Conduct of Attorneys in Florida and Rule 11.02(3) of the Integration Rule of The Florida Bar. The Board of Governors substituted its judgment in place of the recommended discipline of the Referee and ordered that respondent be suspended from the practice of law in Florida for a period of six months with reinstatement thereafter to be conditioned upon payment of costs of the proceedings in the amount of $77.20. It further ordered that upon termination of suspension respondent be placed on probation for two years during which time he should file quarterly written reports concerning his professional activities with the Ninth Judicial Circuit Grievance Committee “B”.
The record and judgment of the Board of Governors of The Florida Bar have been examined by this court and, upon consideration of the entire record, the court finds the respondent guilty of violations as found by the Board of Governors of The Florida Bar but substitutes its judgment in place of the order of suspension and probation of the Board of Governors of The Florida Bar. It is accordingly
Ordered and adjudged that respondent be suspended from the practice of law in Florida for a period of two years from the date of the filing of this order by the Clerk of this Court and continuously thereafter until he shall have paid the costs of this proceeding in the amount of $77.20 and further thereafter until he shall demonstrate to the Board of Governors of The Florida Bar and this Court that he is entitled to be reinstated in the practice of law in accordance with the rules heretofore promulgated by this Court.
It is so ordered.
DREW, C. J., and ROBERTS, THORNAL, O’CONNELL and CALDWELL, JJ., concur.