PER CURIAM.
May 14, 1962, The Florida Bar, by its counsel, filed complaint against respondent charging him with violation of Canons 11 and 21 of the Canons of Professional Ethics, 31 F.S.A. and Rules 1, 27 and 30 of the Additional.Rules Governing the Conduct of Attorneys in Florida, 31 F.S.A. A referee was appointed April 10, 1962, to take testimony and make report of his findings of law and fact.
The complaint was in two counts and came on for hearing before Wallace M. Joplin, as referee, September 14, 1962, at the courthouse in Gainesville, Florida, no answer or other pleading having been filed to the complaint.
After the .testimony was completed, the referee made the following findings of fact, conclusions and recommendations:
“FINDINGS:
“The undersigned makes the following findings of fact.
“Count I
“(a) Between March, 1960 and January 14, 1961, Respondent, James W. Cotton; improperly commingled funds received by him for and on behalf of Mr. and Mrs. Fred Martin representing sale price of lands sold by said' clients to Mr. and Mrs. Harry Dawley, with his own personal funds; and
“(b) Respondent failed to furnish a closing statement and to account for funds in his hands due the said Fred: and Rose Martin for over nine months-after receipt of said monies, although respondent was contacted repeatedly by the clients and another attorney on, their behalf.
“(c) From October, 1958 to July 8,. 1960, while serving as attorney of record for plaintiffs, respondent negligently permitted the common law action styled Rose Martin, joined by her husband, Fred Martin, and Fred Martin,. Individually, vs. Albert Fasshauer, filed1 in the Circuit Court of Alachua County, Florida, to be undisposed of and to be dismissed for want of prosecution.
“Count II
“(a) While employed as attorney for Willie and Ella Mae Huffman in 1959, James W. Cotton negligently and dela-torily [sic] failed to furnish closing statement'and account to said clients-for proceeds of mortgage loan from Mrs. Alice Horton which was closed, in August, 1959.
“(b) In 1959, while employed as attorney for the said Willie and Ella Mae Huffman, Respondent neglected and failed to deliver to his said clients an Abstract of Title in his possession covering title to lands owned by said clients, although requested to do so by-said clients.
“CONCLUSIONS
“From the foregoing the undersigned referee finds as follows:
“1. That Respondent is guilty of violation of Rule B, Code of Ethics,. *471 Section I, Subsections 11 and 21, as stated in Count I of the Complaint.
“2. That Respondent is guilty of violation of Rule B, Code of Ethics, Section II, Subsections 1 and 30 as alleged in Count II of the Complaint, but is not guilty of violation of Subsection,27 of Section II of said Rule.
“RECOMMENDATIONS
******
“I.- That JAMES W. COTTON be given 'a severe private reprimand;
“2. That the said Respondent be also suspended from membership in The Florida Bar and from the privilege of practicing'law in the State of Florida for a period of six (6) months.
“Dated this March 28th, 1963 at Lake City, Florida.”
Upon the findings and recommendations of the referee, the Board of Governors agreed a!nd concurred with the referee and ordered that respondent “be suspended from the practice of law in Florida for six months and thereafter until he shall pay the costs of these proceedings in the amount of $435.40 and until he shall satisfactorily demonstrate to the Supreme Court of Florida and to this Board that he is entitled to be reinstated to the practice of law.”
The judgment of the Board of Governors of The Florida Bar is before us for review.
The record, the report of the referee and judgment of the Board of Governors have been examined by this court, pursuant to which it is ordered that the judgment of the Board of Governors, dated April 25, 1963, that respondent be suspended from the practice of law for a period of six months commencing on the day when this judgment shall become final and continuously thereafter until he shall have paid all the costs of this proceeding in the sum of $435.50 and further thereafter until he shall satisfactorily demonstrate to the Board of Governors of The Florida Bar and this court that he is entitled to reinstatement to the practice of law, is hereby approved and the same is adopted in its entirety as the judgment of this court.
Until reinstated by order of this court, respondent shall not directly or indirectly engage in the practice of law.
It is so ordered.
DREW, C. J., and TERRELL, THOMAS, THORNAL and HOBSON (Ret.), JJ., concur.