PER CURIAM.
The board of governors of The Florida Bar entered its judgment directing that the respondent, William Lamar Rose, be suspended from the practice of law for a period of three months and requiring that he pay the costs of these proceedings. Respondent seeks review in this Court.
Count I of the first amended complaint of The Florida Bar charged the respondent with violation of Rules 1, 27 and 30, Section II, Rule B, Code of Ethics, adopted by the Supreme Court of Florida on January 27, 1941, 31 F.S.A., in that he failed diligently to prosecute a cause on behalf of his client, thereby causing a loss to his client, for which loss no account was made by the respondent, nor did he advise his client of the outcome of the case, though requested to do so for many months after the case was dismissed.
Count II charged the respondent with violation of paragraphs 11 and 12, Section I, Rule B, and Rules 1, 27 and 30, Section II, Rule B, Code of Ethics, in that he accepted employment to defend one who had been arrested on a charge of aggravated assault, the fee for services having been set by respondent at $500, which was paid, that after his client had obtained his freedom by posting a $2000 cash bond, his client left on a trip, but prior to leaving signed over the bond to the respondent with the understanding that he would place the money in his client’s bank account if the case was dismissed and the bond money paid over to the respondent; that although the case was dismissed and the bond money paid over to him, respondent wrote his client advising that the case was still pending, well knowing that the case had been dismissed; that his client received no further word about the case from respondent until he returned some two months later, when he contacted respondent and was advised that the case had been dismissed and that respondent was retaining the bond money as additional fee over and above the $500 previously paid, and to date the respondent had failed and refused to refund any portion of said money. The respondent was therefore charged with being guilty of professional misconduct in that he appropriated and converted to his own use the *330 aforesaid $2000; that he was further guilty of professional misconduct in that he .knowingly and wilfully advised his client on a certain date that his case was still pending when in fact it had been dismissed over two months before.
A third count was subsequently dismissed.
; The referee, as to count I, found that the respondent did not fail honestly and truly to account for any funds received; that he (was not guilty of any deceit or wilful misconduct in his representation; that the respondent represented his client in the prosecution of his suit with diligence and ability; and that the respondent was guilty of conduct unbecoming an attorney in failing to give his client seasonal advise on the outcome of the cause. As to count II, he found .that the respondent did not appropriate or convert to his own use any monies belonging to his client; that the respondent did not knowingly and wilfully advise his client that his case was still pending when, in fact, the same had already been dismissed; that the respondent was guilty of conduct unbecoming an attorney in failing to give his client seasonal advice on the outcome of the cause.
The referee recommended that the respondent be found guilty of misconduct as set out in his findings, and recommended that the respondent suffer a private reprimand to be administered by a judge of the circuit court and that the two clients be notified that they might attend to witness the reprimand; he recommended that costs be assessed against the respondent.
The judgment of the board of governors, referring to count I, stated that the board had difficulty with the record in finding evidence to support the referee’s finding that the respondent represented his client with diligence and ability, remarking that ■“The respondent’s own explanation of the reason for the suit’s dismissal after almost three years was that he could not obtain the consent of the indispensable party to join as a plaintiff. We find in this record no adequate excuse for respondent’s permitting his client’s suit to be dismissed. On the contrary, this board finds the overwhelming weight of the evidence to support the charges of Count I of the First Amended Complaint.” And in referring to count II, the board related, “The evidence, considered in the light most favorable to respondent, shows that respondent devoted at most, several hours of his time to this case. * * * Upon consideration of this record, this Board is unable to concur in the findings of the referee. It is particularly noted that even if respondent’s contentions were taken as correct, the amount of the fee charged under these circumstances would have been unconscionable.”
Upon consideration of the report of the referee and the entire record, the board directed suspension from practice for three months upon each count, that the suspensions run concurrently, and that respondent’s reinstatement should be conditioned only upon the payment of costs of $2,017.79.
The respondent, in presenting his questions I and II, which he summarized as whether the preponderance of the evidence failed to support the judgment of the board in reversing the findings and recommendations of the referee, contended that the evidence so clearly preponderated in his favor that the referee resolved all doubts in his favor, but assuming for the sake of argument that his evidence did not prove to the board an adequate excuse for permitting the suit to be dismissed, as charged in count I, such did not involve moral turpitude ; that at best his act consisted of fundamentally being guilty of carelessness in attending to or dereliction of duty in not properly briefing the law and advising his client to appeal; and he concluded therefore that according to the decisions of this court the judgment of the board was too severe and should not be approved by the court, and that the recommendations and findings of the referee should be approved. In this argument, he relied on the decisions of In Re The Integration Rule Of The Florida Bar, Fla., 103 So.2d 873; Gould v. State, 99 Fla. 662, 127 So. 309, 69 A.L.R. *331 699; State ex rel. Florida Bar v. Fishkind, Fla., 107 So.2d 131.
Turning to count II, the respondent contended for the sake of argument that even if the evidence produced by the bar was considered in the light more favorable to the bar, that all the bar could have proven was that there was an honest dispute and controversy over the amount' of the retainer charged by respondent, referring to Integration Rule 11.02(4), 31 F.S.A.; he further contended that the bar failed to sustain the truth of the charge, the evidence preponderating so strongly in his favor that the actions of the board in overruling the referee were erroneous, unlawful and unjustified, and he cited Gould v. State, supra, State ex rel. Florida Bar v. Grant, Fla., 85 So.2d 232, and In Re The Integration Rule Of The Florida Bar, supra.
By his question III, which asked if the proceedings were handled with dispatch with due regard for the protection of the accused and the bar, respondent pointed to the lapse of nearly five years from the date of the filing of the judgment by the circuit court dismissing the suit (count I) to the date of the filing of the judgment of the board of governors, and to the lapse of over three years from the date of the filing of his client’s affidavit before the circuit court grievance committee to the filing of the judgment of the board. In support of his position that the question must be answered in the negative, State ex rel. Florida Bar v. Bieley, Fla., 120 So.2d 587; and of The Florida Bar v. King, Fla., 174 So.2d 398, are mentioned; in the former, four years elapsed from the filing of the complaint before the grievance committee to the date of the filing of the judgment of the board, and in the latter, the episode occurred nine years prior to its conclusion.
Respondent’s last question inqhired if, in a disciplinary proceeding, was the attorney presumed to be innocent of the charges and presumed to have performed his duty as an officer of the court in accordance with his oath until such time that a bad or fraudulent motive has been proved by a preponderance of the evidence. Cases from other jurisdictions, and In Re The Integration Rule of The Florida Bar, supra, were cited as authorities.
 With respect to respondent’s questions I and II, the quantum of evidence required in disciplinary proceedings was stated, in Gould v. State, supra, to be “A disbarment proceeding against an attorney is not a criminal proceeding * * * but to authorize disbarment not only the act charged but the bad or fruadulent motive must be proved by a preponderance of the evidence, * * The same case held that, “The court has over attorneys a jurisdiction which is to be exercised according to a standard of conscience and not according to technical rules.” It was remarked, in In Re The Integration Rule of The Florida Bar, Fla., 103 So.2d 873, that, “Where the evidence is conflicting there must be a clear preponderance against the accused * * In State v. Bass, Fla., 106 So.2d 77, it is indicated that the evidence must he “clear and convincing.” Also, see 7 Am.Jur.2d, Attorneys at Law § 67.
The integration rule provides, in Rule 11.-06(3) and (5), that a disciplinary proceeding is neither civil nor criminal but is a quasi-judicial administrative proceeding, and that pleadings may be informal. An administrative determination of questions of law is not binding upon a reviewing court. 2 Am.Jur.2d, Administrative Law § 676; Atlantic Coast Line R. Co. v. King, Fla., 51 So.2d 723; Tropical Park v. Ratliff, Fla., 97 So.2d 169.
The board of governors is required by the responsibilities imposed upon it by this court to incorporate in its judgments the benefits of their years of legal experience. It is true, however, that conflicting evidence is best considered by the original trier of fact, the referee. But after evidentiary facts are established by formal trial, the conclusions and legal opinions which may be based thereon are properly within the scope *332 of the board. Thus, as to the charge in count I that respondent failed diligently to prosecute the cause, it clearly appeared that after the client’s complaint was dismissed the second time, still with leave to amend, respondent failed to join an indispensable party, or appeal the lower court’s order, and the case was finally dismissed. While respondent contended that he could not make the indispensable party a party without such party’s consent, under the rules there is provision for joining a party without his consent. Nevertheless, the referee found that the respondent represented his client in the prosecution of his suit with diligence and ability. The board was as qualified as the referee to determine whether permitting the case to remain in the pleading stage for over two and one-half years and to be dismissed for lack of prosecution, as shown by the record, was diligent or able. It has therefore reversed, or substituted its judgment for, only the referee’s conclusion, based upon the undeniable facts. In other cases, such substitution of judgment has occurred and has been followed. State ex rel. Florida Bar v. McClosky, Fla., 130 So. 2d 596; State ex rel. Florida Bar v. Fordham, Fla., 143 So.2d 457; Florida Bar v. Benton, Fla., 157 So.2d 420; State ex rel. Florida Bar v. Delves, Fla., 160 So.2d 114.
Furthermore, this court has ordered the discipline of members of The Florida Bar for similar misconduct. In State ex rel. Florida Bar v. Cotton, Fla., 159 So.2d 469, it was found, among other findings, that the attorney negligently permitted an action to be undisposed of and to be dismissed for want of prosecution, and he was suspended from the practice of law for a period of six months and continuously thereafter until payment of costs and thereafter until demonstration that he was entitled to reinstatement. In State v. Bass, Fla., 106 So. 2d 77, the respondent was charged with and found guilty of negligence in failing properly to prosecute a client’s claim, and he was suspended from the practice of law for three months, with costs assessed against him. In State ex rel. Florida Bar v. Fishkind, Fla., 107 So.2d 131, the court observed that, “Although the respondent was properly found guilty of violations of the canons of professional ethics, his acts did not involve moral turpitude. The respondent fundamentally was guilty of carelessness, procrastination and inattention to duty,” and he was caused to pay the costs of proceedings, together with being publicly reprimanded for his neglect of duty and unprofessional conduct. In State ex rel. Florida Bar v. Johnson, Fla., 127 So.2d 886, on the first of two complaints, the respondent was found guilty of not performing the legal services for which he had been hired, and the referee recommended disbarment, however, the board of governors recommended suspension for six months in addition to costs, in which the court concurred. In the second, State ex rel. Florida Bar v. Johnson, Fla., 140 So.2d 306, it was charged that he failed to prosecute a cause, did not keep his clients informed, and converted funds to his own use; the referee and the board recommended that he be disbarred, and the court adopted the judgment of the board. In State ex rel. Florida Bar v. Graves, Fla., 153 So.2d 297, the court found that, “respondent procrastinated, was careless and inattentive to his duty; he neglected to keep his client informed as to the state of his business and that he grossly neglected his trusteeship and sense of responsibility to his client,” and suspended him from the practice of law for the period of three months, imposing costs.
As to count II of the complaint, on the day the respondent collected the bond proceeds from the office of the sheriff, his office wrote its only status report to his client; the report was false in that it advised his client that the criminal charges were still pending, when in reality they were dismissed two months earlier; respondent never attempted to correct this misadvice. The referee found that he was guilty of conduct unbecoming an attorney at law in failing to give his client seasonal advice on the outcome of the cause, however, he only recommended a private reprimand by the *333 circuit court. The hoard directed suspension from practice for three months upon this count. In State ex rel. Florida Bar v. Hogsten, Fla., 127 So.2d 668, the respondent advised his client that his divorce suit was completed and that he was free to remarry, which was false. The referee recommended suspension for one year, the hoard reduced the suspension to six months, and the court ordered suspension for the same period. In State ex rel. Florida Bar v. Carlson, Fla., 154 So.2d 689, the respondent was found to have deceived and misled his client, together with other findings, the referee recommended reprimand and suspension for six months, the board concurred and ordered such suspension, and the court approved and adopted the judgment. In The Florida Bar v. Benton, Fla., supra, the respondent was found guilty of accepting a retainer, failing to file suit, and advising his client that his divorce was completed. The referee recommended probation, but the board ordered that he be suspended for six months. The court directed suspension from the practice of law for two years.
The amount of the fee agreed upon presented a conflict in the evidence and the referee resolved this question, nevertheless, the evidence shows that the respondent at most only gave several hours of his time, without trial, to this cause, for which he charged a fee that would average several hundred dollars an hour. The minimum fee schedule in existence in Lee County at that time suggested $500 as a fee for representation of a criminal case in circuit court. While the referee heard expert witnesses as to the reasonableness of the fee charged, the board of governors was as able to arrive at a suitable opinion as the attorneys who testified for the respondent, and it appears that the fee charged was a violation of Rule B, Section (I), paragraph 12, of the Code of Ethics. Folmar v. Davis, Fla., 108 So. 2d 772, sets out the considerations in fixing a fee.
Respondent’s questions I and II therefore must be answered in the negative, and the judgment of the board of governors as set out above, approved.
Reverting to whether the proceedings were handled with proper dispatch, as inquired into by respondent’s question III, it is true that the time period involved in this case was more than usual, and with more diligence could have been shortened, yet it is not entirely out of line when all factors are considered, such as the delay by the client involved in the first count in filing his affidavit with the local grievance committee, the processing of the matter by the board of governors, the disqualification of the original referee, the large number of witnesses and exhibits, the transcription of over one thousand pages of evidence, and the time reasonably required for careful study by the referee and the board. One studying this record, however, is convinced that the matter in several particulars could have received more prompt attention and delay avoided that might have proved detrimental to the accused as well as to the Bar.
While in view of the above, respondent’s fourth question does not require a definitive response, the statement in State ex rel. Florida Bar v. Grant, Fla., 85 So.2d 232, is noted that, “When a trial ensues it will be incumbent upon the complainant to establish its allegations by sworn testimony of witnesses and other competent evidence. During such trial the respondent will then be entitled to confront the witnesses and cross-examine them.” Reference is further made to State ex rel. Florida Bar v. Rhubottom, Fla., 132 So.2d 395, Smyrna Developers, Inc. v. Bornstein, Fla.App., 177 So.2d 16, and 7 Am.Jur.2d, Attorneys at Law § 65.
In the light of the evidence, the action of the board is supported in broadening the disciplinary measures recommended by the referee, from a private reprimand to be administered by the circuit court, to a judgment of suspension from the practice of law for three months upon each count, with such suspensions to run concurrently, and that respondent’s reinstatement be conditioned upon the payment of the costs in the *334 amount of $2,017.79, and the judgment of the board is approved and adopted and made the judgment of this court.
It is so ordered.
THORNAL, C. J., O’CONNELL, CALDWELL and ERVIN, JJ., and WARREN, Circuit Judge, concur.