IN THE MATTER OF: The Complaints of MRS. CHLOE M. HOLLAND and J. O. HOLLAND Against WILLIAM W. FLOURNOY.

195 So. 138
En Banc
Opinion Filed March 19, 1940
Rehearing Denied April 12, 1940

*W. W. Flournoy,* in proper person, for Appellant;

*George Couper Gibbs,* Attorney General, and *William Fisher, Jr.,* Assistant Attorney General, for Appellee.

TERRELL, C. J.—Pursuant to Rule of this Court adopted October 13, 1938, and reported in 134 Fla. 851, 186 So. 280, complaint was lodged with the Circuit Court Commission of the First Judicial Circuit (hereafter called Commission)

against William W. Flournoy for unprofessional conduct. The complainant was investigated by the Commission who found the accused to be guilty as charged and made report of their findings to the circuit court as the rule requires. The circuit court found the recommendation of the Commission to be just and reasonable and entered his decree suspending the accused from the practice of law until he make restitution of the sum of $160 to his accuser and for two years from the date of such restitution. This appeal is from the decree of the circuit court.

It is first contended that the Commission was without any legal standing, that its members were disqualified to sit in this case because some of them were engaged on opposite sides in pending cases against the accused and that the circuit judge was disqualified because he was an enemy of the accused.

The rule heretofore cited provides for the Commission and sets up an "additional and supplementary procedure" to that provided by law for disciplining or disbarring attorneys for unprofessional conduct. This Court has inherent power to prescribe rules to regulate the conduct of the bar and the rule under question was promulgated at the instance of the State Bar Association. In this case, the power of the Commission is assaulted rather than its organization. We find no error in this procedure.

The power of the Commission is limited to the investigation of cases of unprofessional conduct as contemplated by law or the Code of Ethics of the American Bar Association which code was adopted and promulgated by this Court in 1936. See 125 Fla. 501. It is the arm of the circuit court for this purpose and is clothed with no sovereign power. It is required to report its findings with recommendations to the circuit judge who is required to re-

examine the cause and enter such judgment as to him the complaint and evidence warrant. The accused must be notified and given the right to be heard at every step in the cause. In fine, the rule provides a simple, expeditious, and inexpensive method for regulating the conduct of the bar and we do not see that it could be made fairer. It affords the bench and bar the means by which it may keep its house clean and its linen white.

The bare allegation that the Commission or a majority of it is disqualified because engaged as counsel in litigation opposed to accused is not self-supporting and is without merit. Likewise the bare allegation that the judge who rendered the decree appealed from was an enemy of the accused is insufficient to disqualify him. No facts are alleged to support the charge in either case. The objection to both the Commission and the judge was raised for the first time in this Court though the accused had notice of and was given ample opportunity to appear seasonably before the Commission and the circuit judge and raise these questions. We therefore hold that no basis was shown for disqualifying the judge or the Commission, that in reaching their conclusion in this cause, every step required by the rule was followed literally.

This brings us to the sufficiency of the complaint lodged against the accused, the proof in support of it, and whether or not the complaint and the proof warrant the penalty as recommended by the Commission and imposed by the circuit court.

The complaint was filed in writing with the Commission by C. M. and J. O. Holland and stated in substance that the City of Marianna had secured a decree of foreclosure against them in the circuit court, that they employed accused to appeal the case to the Supreme Court, that accused agreed

that he would refund his fee and costs if he failed to secure the relief promised them, that they paid him $159.86 as retainer and costs, and that he was negligent in handling the appeal in that he let the time elapse the second time and never filed his brief in the Supreme Court by reason of which the cause was dismissed and no fee or costs had been refunded.

The accused contends that the complaint is fatally defective and void because of failure to allege that he committed a corrupt act and that he acted with corrupt and fraudulent motives. If this was a proceeding to disbar the accused under Section 4172, Compiled General Laws of 1927, there might be substance to this contention, but here the complaint is not predicated on fraud or corruption but solely on negligence. Moral turpitude on the part of the accused is not alleged or relied on and there was no attempt to prove it. The evidence is ample to support the charge of negligence as laid in the complaint. Unprofessional conduct may be predicated on negligence or it may be predicated on conduct involving moral turpitude or it may be predicated on both though there is a clear distinction between them.

The rule provides that when the complaint and the proof warrant, the court may disbar the accused but if they call for less punishment than disbarment, the court may punish by disciplining in such manner as he may deem advisable. There is no suggestion of disbarment here; we are concerned solely with disciplining for unprofessional conduct in which the court has a wide discretion. In the exercise of that discretion, the gravity of the charge, the injury suffered and the character of the accused are controlling considerations.

The circuit judge is clothed with no more delicate re-

sponsibility than that of disciplining a member of. the bar for unprofessional conduct. In a case like this, the exercise of that prerogative should be corrective rather than punitive, though cases will doubtless arise in which it should be exercised in the reverse. The lawyer's greatest asset is his reputation for integrity, sound judgment, and good character. The proposition of imbibing the human chassis with these elements is not so simple as padding the ribs and vertebrae of a razorback with adipose tissue. Sixty days and a peanut patch will accomplish the latter but it takes two generations to raise a lawyer of good character. When that has been accomplished, it should not be smutted on other than a charge of bad faith or corrupt dealing conclusively proven.

The accused contends that this is in reality nothing more than an action at law to recover an amount as an attorney's fee which cannot be done in this wise. This might be a proper defense as between laymen but the practice of law is not an absolute right that one may barter as he does a chattel; it is a privilege in which the public has a vital interest and which may be granted or withdrawn as the circumstances seem meet. One cannot hold himself out to the public as a practitioner, accept compensation for services to be performed, neglect to perform them, and then interpose such a defense.

Stripped to the bone, the complaint is that accused neglected to file his brief and thereby suffered the appeal he had contracted to prosecute to be dismissed by this Court. Negligence is the sole basis of the complaint, there being no suggestion of moral turpitude. There is no way of telling how much those who filed the complaint were damaged. The suit was one to foreclose some tax certificates or liens on vacant city lots that had accrued for the

non-payment of city taxes. The circuit court had granted a decree of foreclosure. There was the hope of reversing that and getting a reduction in taxes but if the appeal had resulted in an affirmance, nothing would have been accomplished. At best, the results of the appeal were speculative but the complaint and the evidence show that the accused agreed to refund his fee with costs if he did not win. Such agreements are improper and sometimes become champertous but the latter charge cannot be lodged against this one.

On careful consideration of these facts, we have reached the conclusion that the judgment imposed was too severe. The accused bore the reputation of being an able, outstanding member of the bar and was in his middle sixties. To suspend him for two years would be tantamount to disbarment. We think a judgment of suspension for five months and return of the fee and costs would have been ample.

The judgment below is accordingly reversed with directions to the chancellor to enter a judgment suspending the accused from the practice of the law for a period of five months computed from October 19, 1939, and that he make restitution of the fee and costs adjudicated against him within thirty days and in default of which restitution, he be further suspended for a period of three months, provided that if at any time within the additional period he makes such restitution, he may reenter the practice of law.

Reversed with directions.

WHITFIELD, P. J., BROWN, CHAPMAN and THOMAS, J. J., concur.

Justice BUFORD not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.

BROWN, J. (concurring).—I think it might be well. to state, in connection with the foregoing. opinion, that in the correspondence between the attorney and his client about the case which was dismissed by this Court there appears a letter from the attorney to one of the clients saying in effect that he had been delayed in his preparation of the case on appeal by the illness of himself and two members of his family. But he did not appear before the commission or the circuit court and make any explanation of the delay. Hence, the action taken, as modified by this Court was and is, in my opinion, justified.

BUFORD, J.—I am not participating in the disposition of this case because I think there are presented here serious constitutional questions which would require much time and research to properly determine.

The conclusion reached by the majority of the Court results in the suspended attorney being immediately restored to the right to practice and I feel that justice demands that this should not be delayed, especially in view of the fact that the charges upon which the attorney was suspended did not involve moral turpitude but involve, at most, the alleged negligence in the performance of his professional duties.