106 So.2d 77 (1958)
The STATE of Florida ex rel. The FLORIDA BAR, Petitioner,
v.
Lloyd BASS, Respondent.
Supreme Court of Florida.
October 29, 1958.
W.H. Adams, III, Jacksonville, for The Florida Bar, petitioner.
Neal D. Evans, Jr., Jacksonville, for respondent.
*78 PER CURIAM.
In disciplinary proceedings instituted against the respondent Bass, petitioner here, charging him with (1) negligence in failing properly to prosecute a client's claim, and (2) misrepresentation to and deceit of the client with respect to the status of such claim, the Board of Governors of The Florida Bar found that respondent was guilty of the charges as made and that these charges constituted unprofessional conduct under the provisions of Canons 30 and 27 of the Additional Rules Governing the Conduct of Attorneys in Florida, 31 F.S.A. and Article XI of the Integration Rule of The Florida Bar, 31 F.S.A.
In view of the fact that respondent made restitution satisfactory to his client for any loss that might have occurred as a result of respondent's negligence in prosecuting the claim, the Board did not order any disciplinary action on the charge of negligence. On the charge of misrepresentation and deceit, the Board's judgment was that the respondent be suspended from the practice of law for one year.
We here review the Board's judgment upon the petition of the respondent, timely filed.
We are confronted at the outset with the fact that the Referee, to whom the Board referred the complaint for the taking of testimony and who observed the witnesses and their demeanor in testifying, found on the basis of conflicting evidence that the charge of misrepresentation and deceit had not been satisfactorily sustained by the evidence; and that the Board, which reviewed only the record of the testimony, made a contrary finding of fact. We have also noted that, while both the Referee and the Board found the respondent guilty of negligence in prosecuting his client's claim, the Referee recommended that the respondent be disciplined for his unprofessional conduct in this respect by suspension for three months and probation for one year, while the Board, as noted above, concluded that no disciplinary action was called for on this charge.
There can be no doubt that the respondent has been guilty of unprofessional conduct in neglecting to prosecute his client's claim until after the statute of limitations had run on it. But the question of whether he deliberately misrepresented the status of the case in an attempt to cover up his neglect is, obviously, a very difficult one  as witness the disagreement between the Board and the Referee. It goes without saying that the power to disbar or suspend a member of the legal profession is not an arbitrary one to be exercised lightly, or with either passion or prejudice. Such power should be exercised only in a clear case for weighty reasons and on clear proof.
We have carefully examined the record and have concluded that the evidence against the respondent on the charge of misrepresentation and deceit was not sufficiently clear and convincing to justify the Board in overturning the findings of fact of the Referee, made on the basis of conflicting evidence.
Our ultimate judgment must, however, be one that is just to the public and, at the same time, fair to the accused attorney; it should be "designed to correct any anti-social tendency on the part of respondent as well as deter others who might tend to engage in like violations * * *." State ex rel. Florida Bar v. Murrell, Fla. 1954, 74 So.2d 221, 227. And we think that, in all the circumstances here, the Referee was eminently correct in his recommendation that the respondent be suspended from the practice of law for three months. Cf. Holland v. Flournoy, 1940, 142 Fla. 459, 195 So. 138, where the court said that suspension for five months and return of the fee and costs would have been ample discipline for negligence in taking an appeal  although, since the court made the order effective as of a date five months earlier, the disciplinary action was, in effect, simply a public reprimand.
*79 It is accordingly, the judgment of this court that the respondent be and he is hereby suspended from the practice of law for three months from the effective date of this order, and that costs in the amount of $563.10 are assessed against the respondent Lloyd Bass, to be paid within 90 days from the end of the suspension period, for which let execution issue.
THOMAS, HOBSON, ROBERTS, DREW and THORNAL, JJ., concur.
TERRELL, C.J., and O'CONNELL, JJ., dissent.
TERRELL, Chief Justice (dissenting).
I think the punishment imposed is too severe.
O'CONNELL, Justice (dissenting).
I would affirm the order of the Board of Governors of The Florida Bar.