PER CURIAM.
This matter came on to be heard this 17th day of February, A.D. 1959, on the petition of Lloyd Bass of Jacksonville, Florida, for reinstatement to practice law in the State of Florida;
It appears that petitioner was admitted to practice law in the State of Florida July 25, 1935, and that he sustained a good moral and professional reputation until charges *163 of unprofessional conduct were preferred against him in 1957, the said charges being (1) that petitioner was negligent in that he failed to properly prosecute certain causes entrusted to him by his client; (2) petitioner wilfully misrepresented facts relating to said causes entrusted to him and deliberately deceived the complaining witness as to the status thereof.
Petitioner was tried and convicted on said charges and on the 29th day of October, 1958, State ex rel. Florida Bar v. Bass, Fla., 106 So.2d 77, he was suspended from the practice of law for a period of three months from the date of his suspension. The court further ordered that costs in the sum of $563.10 be paid by the petitioner within ninety days from the end of the suspension period which terminated on the 27th day of January, A.D. 1959.
We are confronted with an application of the petitioner for reinstatement to practice law. Said application was filed in this court February 12, 1959, and among other things recites that petitioner was suspended from the practice of Law October 29, 1958, for the reasons stated herein; that immediately on notice of his suspension he closed his office and has not since up to this date engaged in the practice of law; that he is fully conscious of the gravity of and reasons for his suspension which ended on the 29th day of January, 1959.
It further appears that petitioner’s application for reinstatement was on the 5th day of February, 1959, filed with the Board of Governors of the Florida Bar who on consideration thereof February 12, 1959, recommended to this court that said application be granted and that petitioner, Lloyd Bass, be reinstated to the practice of law.
The record in the cause has been certified to and examined by this court. We think it makes a meritorious showing so the petition for reinstatement is hereby granted and the petitioner is hereby restored to the role of practicing attorney at The Florida Bar.
It is so ordered.
TERRELL, C. J., and THOMAS, ROBERTS, THORNAL and O’CON-NELL, JJ., concur.