113 So.2d 758 (1959)
James C. EVERETT, Appellant,
v.
Earle L. MANN and Florida Real Estate Commission, Appellees.
No. 962.
District Court of Appeal of Florida. Second District.
July 24, 1959.
*759 Joseph E. Johnston, Jr., Brooksville, for appellant.
Benjamin T. Shuman, Frank A. Wilkinson, Orlando, for appellees.
SHANNON, Judge.
Appellant was defendant in proceedings before the Florida Real Estate Commission for the suspension of his registration under the Real Estate License Law. An information was filed against him, charging him with having been guilty of a crime against the laws of Florida involving moral turpitude and setting out the crime as "possession of lottery tickets evincing an interest in a lottery scheme commonly known as `Cuba' or `Bolita'." Appellant moved to quash the information, and the commission entered an order denying the motion. He then applied to the court below for a writ of certiorari, which was denied, and he filed this appeal which we will treat as a petition for certiorari. See Anderson v. Florida Real Estate Commission, Fla. App. 1958, 105 So.2d 918.
The only question presented on this petition is whether the possession of lottery tickets under the charge laid constitutes a crime involving moral turpitude within the meaning of § 475.25, Florida Statutes, F.S.A., which provides in part as follows:
"(e) Been guilty of a crime against the laws of this state * * * involving moral turpitude * * *; and the record of a conviction * * * shall be admissible as prima facie evidence of such guilt; * * *."
In considering the terminology "a crime involving moral turpitude", the court in the case of United States v. Carrollo, D.C., 30 F. Supp. 3, 6, for example, held that the offense of writing a letter concerning a lottery and for the purpose of selling an interest in a lottery did not involve moral turpitude within the meaning of a Federal Statute providing for the deportation of aliens under certain circumstances because of conviction of a crime involving moral turpitude. The court said:
"There is another thing that is obvious from a mere reading of the statute. The `moral turpitude' that may be involved in a crime does not exist merely because there has been a crime, a violation of law. In a sense, it is immoral to violate any law, even a traffic ordinance, but here the words `involving moral turpitude' clearly suggest something much more serious, for otherwise *760 they are pure surplusage. The `moral turpitude' must exist entirely apart from the fact that some statute has been violated. If a crime is one involving moral turpitude it is because the act denounced by the statute grievously offends the moral code of mankind and would do so even in the absence of a prohibitive statute. The moral code of mankind was not enacted and it cannot be amended by legislatures.
"* * * While it must be conceded that some judicial opinions would support a definition that `moral turpitude' is anything contrary to the moral code, anything immoral, certainly the better reasoned opinions are quite in line with Bouvier's definition as that definition is quite in line with the usual meanings of the words as defined by the lexicographers."
The Supreme Court of Florida defined moral turpitude in State ex rel. Tullidge v. Hollingsworth, 108 Fla. 607, 146 So. 660, 661:
"Moral turpitude involves the idea of inherent baseness or depravity in the private social relations or duties owed by man to man or by man to society. * * * It has also been defined as anything done contrary to justice, honesty, principle, or good morals, though it often involves the question of intent as when unintentionally committed through error of judgment when wrong was not contemplated * * *."
The definition in that case was dicta, but the first sentence of the two quoted sentences states what appears to be the generally accepted definition of the term. The definition in 2 Bouv.Law Dict.Rawle's Third Revision is:
"An act of baseness, vileness or depravity in the private and social duties which a man owes to his fellow men or to society in general, contrary to the accepted and customary rule of right and duty between man and man."
We are not confronted with a conviction of conducting a lottery or other allied phases of operating a lottery, but with a misdemeanor offense, merely possession of tickets as denounced under section 849.09 (h), Florida Statutes, F.S.A.
We hold that mere possession of lottery tickets, as here charged, does not involve moral turpitude. We, therefore, grant the petition and issue the writ of certiorari. The order of the circuit court is quashed with directions to that court to remand the cause to the Florida Real Estate Commission for the entry of an order not inconsistent with the views herein expressed.
ALLEN, C.J., and KANNER, J., concur.