271 So.2d 758 (1972)
THE FLORIDA BAR, Complainant,
v.
Charles E. THOMSON, Respondent (two cases).
Nos. 42286, 42477.
Supreme Court of Florida.
November 22, 1972.
Rehearing Denied February 7, 1973.
Jere Edward Lober, Rockledge, and Norman A. Faulkner, Tallahassee, for The Florida Bar, complainant.
Joe M. Mitchell, Jr., Melbourne, for respondent.
*759 PER CURIAM.
In this Bar discipline case, we have for review on the petition of The Florida Bar the recommendations of suspension arising from two complaints and numerous findings of improper conduct on the part of respondent, Charles E. Thomson. In the first case [Case No. 42,286], the referee recommended suspending Thomson for six months in addition to the time he had already been suspended for nonpayment of Bar dues. In the second case [Case No. 42,477], the referee recommended suspension for an additional eighteen months. In each case, the referees indicated that the suspension should continue beyond the mandatory period until such time as Thomson should demonstrate that his conduct would warrant reinstatement. The Florida Bar urges that suspensions are not sufficiently severe and that the proper discipline would be disbarment. Thomson seeks a reduction in the period of suspension.
In the first case, the referee stated the complaints generally as being:
"Count I: Conviction in Palm Beach County on two counts of obtaining property in return for worthless checks.
"Count II: Conviction in Polk County on three counts of issuing worthless checks.
"Count III: Conviction in Polk County on charge of beating board bill.
"Count IV: Respondent knowingly used perjured testimony of a corroborating witness in an uncontested divorce action in Brevard County.
"Count V: Respondent actively practiced law during the years 1970 and 1971 while under suspension by the Florida Bar for failure to pay his bar dues.
"Count VI: Between 1962 and 1971 respondent was known by and used at least four different names, and after suspension of his driver's license issued in one name he applied for issuance of a new license under another name.
"Count VII: Respondent made three separate affidavits, on one of which his date of birth was different from the date indicated on the other two; and on one such affidavit respondent's name was shown different than on the other two.
"Count VIII: Respondent gave conflicting sworn statements before the Eighteenth Judicial Circuit Grievance Committee concerning his date of birth."
Thomson pleaded guilty to Counts I, II, III, V, and VII of the complaint, and the referee found him guilty of those counts, plus Count IV. He was found not guilty of Counts VI and VIII.
In the second case, Thomson pleaded guilty to and was found guilty of the only count charged, that he had entered into a Contract of Employment with a client for professional services and failed to carry out the contract after being paid the fee required.
Thomson contests only one finding of guilt made by the referees, the finding that he had knowingly utilized perjured testimony in gaining an uncontested divorce for a client. The only evidence before the referee on the matter was a deposition of the witness who had admittedly perjured himself in the divorce proceeding.
The witness' interest in the outcome of the divorce proceeding exceeded that of Thomson, as she was living with Thomson's client at the time of the final hearing and married the following day. She has subsequently become totally disenchanted with both her husband and Thomson, having divorced her husband following the filing of charges of a sex crime against him, and having stated that she was a friend of Thomson's ex-wife and would not mind seeing him disbarred. Her testimony as to what had actually transpired between Thomson and herself prior to the divorce hearing was vague and she admitted to a very poor recollection of the facts.
On this evidence, Thomson was found guilty of an act which is a most serious *760 one for an attorney, one which undermines both the effectiveness of the legal system and public trust of the judicial process. It is comparable to the seriousness of the charge of attempted bribery of a judge which this Court considered in The Florida Bar v. Rayman, 238 So.2d 594 (Fla. 1970). In its decision, this Court wrote:
"The charges brought against the respondents are of the most serious which can be ascribed to an attorney. It goes without saying that there can be no temporizing with an offense the commission of which serves to destruct the judicial process. As judges and lawyers, it is one of our highest duties to eliminate from our ranks those guilty of so serious an offense. Concomitant therewith, however, we have a continuing duty to require charges such as these to be supported by clear and convincing evidence where the charges have been denied by reputable members of the Bar." (P. 598)
The Florida Bar v. Rayman, supra, presents a very strict test for adjudication of guilt in accusations of bribery to influence official action, and this test should be reserved for only the most serious and injurious of acts by an attorney. The attempt to subvert the proper working of the judicial system by actively participating in attempts to mislead the Court through false testimony is a most serious act, one that can be as destructive of the judicial process as bribery. Thus, it is proper to apply the strict test of Rayman to the case sub judice, that is, that the crucial elements of such actions must be shown with
"[C]lear and convincing evidence free of substantial doubts or inconsistencies." (P. 597)
Considering the great interest of the witness in the outcome of the divorce, the admitted penchant for perjury, the animosity voiced for Thomson, and the lack of any other evidence, a finding of guilt of the act charged cannot be upheld.
Having determined that the evidence cannot support a finding of guilt in Count IV of the first complaint, it is necessary to consider the discipline assessed by the referees. Thomson urges that he should be given credit for time during which he was improperly suspended by The Florida Bar for nonpayment of dues. On April 1, 1970, Thomson became a delinquent member of The Florida Bar for failure to pay his dues for that year. He continued to practice law until December, 1970, the basis of Count V of the first complaint, but ceased practice at that time and, on March 22, 1971, filed a petition for reinstatement with the proper fees. The Florida Bar refused to reinstate Thomson until this Court, on March 29, 1972, in response to a petition for writ of mandamus, ruled that suspensions for nonpayment of dues are automatically lifted upon proper payment of dues and penalties, and that The Florida Bar has no discretion in such matters. Thomson v. The Florida Bar, 260 So.2d 495 (Fla. 1972). Under the ruling of this Court, The Florida Bar had improperly suspended Thomson for over a year and Thomson urges that this suspension time should count toward any suspension assessed for the present wrongdoings.
The report of the referee in the first complaint specifically made his recommendation of six months' suspension in addition to the time Thomson had been suspended for nonpayment of dues, but the report was issued prior to the decision of this Court in the Thomson case. The hearing on the second complaint was held subsequent to the decision of this Court ordering reinstatement of Thomson, and the referee specifically referred in the report to the decision of this Court and to the decision of the referee in the first complaint, so that the referee did contemplate the suspension for nonpayment of dues and, apparently, intended such suspension to be considered as part of the discipline for the other wrongdoings of Thomson.
In effect, the referees have recommended that Thomson be suspended over *761 three years for the collective misdeeds which he performed. The Florida Bar suggests that the discipline should be disbarment, while Thomson urges the period should be lessened. We agree with Thomson.
This Court has long considered disbarment as a proper discipline in only the most extreme cases. The position of this Court is especially well stated in State ex rel. Florida Bar v. Murrell, 74 So.2d 221 (Fla. 1954):
"[D]isbarment is the extreme measure of discipline and should be resorted to only in cases where the lawyer demonstrates an attitude or course of conduct wholly inconsistent with approved professional standards. It must be clear that he is one who should never be at the bar, ... A removal from the bar should therefore never be decreed where any punishment less severe, such as reprimand, temporary suspension or fine, would accomplish the end desired." (P. 223)
This Court has also required that not only a wrong, but a corrupt motive be present to authorize disbarment. Zachary v. State, 53 Fla. 94, 43 So. 925 (1907), and Gould v. State, 99 Fla. 662, 127 So. 309 (1930). The penalty assessed should not be made for the purpose of punishment, The Florida Bar v. King, 174 So.2d 398 (Fla. 1965), and neither prejudice nor passion should enter into the determination. State ex rel. Florida Bar v. Bass, 106 So.2d 77 (Fla. 1958). The purpose of assessing penalties is to protect the public interest and to give fair treatment to the accused attorney. State ex rel. Florida Bar v. Ruskin, 126 So.2d 142 (Fla. 1961). The discipline should be corrective and the controlling considerations should be the gravity of the charges, the injury suffered, and the character of the accused. Holland v. Flournoy, 142 Fla. 459, 195 So. 138 (1940). Applying these standards, we cannot agree with The Florida Bar that Thomson should be disbarred.
However, we cannot agree that Thomson should be treated lightly in view of the serious and numerous examples of his misconduct. He has admitted and been found guilty of five counts contained in the first complaint and of the one count contained in the second complaint. We agree with these findings.
Thomson is guilty of issuing five worthless checks in amounts ranging from $25 to $50. This is a violation of Article XI, Rule 11.02, Integration Rule of The Florida Bar, and Rules 27 and 32, Rules Governing the Conduct of Attorneys in Florida, found in Rule B, § II, Code of Ethics, 32 F.S.A.
Thomson is guilty of avoiding payment of a motel bill in the amount of $750. This is a violation of Article XI, Rule 11.02, Integration Rule of The Florida Bar, and Rules 27, 28, and 32, Rules Governing the Conduct of Attorneys in Florida, Rule B, § II, Code of Ethics.
Thomson is guilty of practicing law while under suspension for nonpayment of Bar dues. This is a violation of Article II, § 2, Integration Rule of The Florida Bar; Article VIII, § 2, Integration Rule of The Florida Bar; and Article II, § 3, By-Laws Under the Integration Rule of The Florida Bar.
Thomson is guilty of swearing to a false birthdate of an affidavit and of signing a name other than his own to an affidavit. This is a violation of Article XI, Rule 11.02, Integration Rule of The Florida Bar, and Rules 27 and 32, Rules Governing the Conduct of Attorney in Florida, Rule B, § II, Code of Ethics.
Finally, Thomson is guilty of accepting payment pursuant to a contract of employment and then failing to carry out the contract. This is a violation of Article XI, Rule 11.02, Integration Rule of The Florida Bar; Canon 7 of the Code of Professional Responsibility, and DR 7-101(A)(1), (2).
*762 In mitigation of the charges against him, Thomson testified that he was undergoing serious personal problems at the time of his misconduct and that his personal and family life were now stabilized. He testified that he did not know about the worthless checks prior to his arrest on those charges or about his suspension from The Florida Bar prior to ceasing the practice of law. At this time, all the checks and the hotel bill have been satisfied, but the $200 paid to Thomson pursuant to a contract of employment has not been returned, being held in escrow by Thomson's attorney. Five attorneys testified as to the high quality of Thomson's legal work, and Thomson's present wife testified as to the more mature qualities now present in her husband.
Considering all of the evidence before us, we are of the opinion that Thomson should immediately repay the fee received as a result of the unsatisfied contract of employment, pay the costs arising from the hearings held before the referees in these causes, and be suspended from the practice of law for a period of two years, with credit allowed for that time during which Thomson was improperly suspended by The Florida Bar for nonpayment of Bar dues.
Accordingly, it should be and is ordered that respondent, Charles E. Thomson, immediately pay $200 to Samuel D. Turner, Jr., in restitution for the fee received for an unsatisfied contract for professional services; that Charles E. Thomson bear the costs of this litigation before the referees, that cost being $323.90 in Case No. 42,286, and $59.80 in Case No. 42,477; and that Charles E. Thomson be suspended from the practice of law in the State of Florida for a period of two years, with credit for the period during which respondent was improperly suspended by The Florida Bar for nonpayment of dues, and thereafter until such time as he demonstrates that his conduct in the State of Florida would warrant the removal of the suspension.
It is so ordered.
ROBERTS, C.J., and ERVIN, CARLTON, ADKINS and BOYD, JJ., concur.