394 So.2d 189 (1981)
Jeffry G. PEARL, Appellant,
v.
FLORIDA BOARD OF REAL ESTATE, Appellee.
No. 80-347.
District Court of Appeal of Florida, Third District.
February 17, 1981.
*190 Scott T. Eber, Miami, for appellant.
Frederick H. Wilsen, Tallahassee, for appellee.
Before BARKDULL, BASKIN and DANIEL S. PEARSON, JJ.
BASKIN, Judge.
The issue to be decided in this appeal is whether convictions for possession of controlled substances evidence moral turpitude under Section 475.25(1)(e), Florida Statutes (1977), which provides for revocation or suspension of a real estate license for crimes involving moral turpitude. We hold that the statute is not unconstitutionally vague. We hold, however, that possession of a controlled substance does not establish moral turpitude within the purview of section 475.25(1)(e). We reverse.
Appellant Jeffry G. Pearl, a licensed real estate salesman, was adjudicated guilty pursuant to pleas of guilty to three felony counts of possession of a controlled substance. He was placed on probation for five years by the trial court and ordered to pay a fine. The Florida Board of Real Estate filed an administrative complaint calling for the suspension of appellant's real estate license based upon the commission of crimes involving moral turpitude. Appellant's motion challenging the constitutionality of the statute was denied. Following a hearing, the Board entered its order adopting the hearing examiner's recommendations and suspended appellant's license for sixty days. The sixty-day sentence was based upon the hearing examiner's conclusion that appellant had been rehabilitated by hospital and out-patient treatment and, according to testimony, had been mentally well and a completely different person for over a year. The hearing examiner found, however, that the crimes for which appellant had been convicted constituted crimes involving moral turpitude and recommended suspension.

1. Constitutionality of Section 475.25(1)(e), Florida Statutes (1977).
Appellant argues that Section 475.25(1)(e), Florida Statutes (1977) is impermissibly vague in that it fails to inform persons subject to its provisions of the exact *191 nature of prohibited conduct. Newman v. Carson, 280 So.2d 426 (Fla. 1973); State v. Buchanan, 191 So.2d 33 (Fla. 1966).
According to Black's Law Dictionary, moral turpitude is:
An act of baseness, vileness, or depravity in the private and social duties which a man owes to his fellow men, or to society in general, contrary to the accepted and customary rule of right and duty between man and man.
Black's Law Dictionary 1160 (rev. 4th ed. 1968).
The Supreme Court of Florida has defined moral turpitude:
Moral turpitude involves the idea of inherent baseness or depravity in the private social relations or duties owed by man to man or by man to society. (citations omitted). It has also been defined as anything done contrary to justice, honesty, principle, or good morals, though it often involves the question of intent as when unintentionally committed through error of judgment when wrong was not contemplated.
State ex rel. Tullidge v. Hollingsworth, 108 Fla. 607, 146 So. 660, 661 (1933). Analyzing these definitions, we find that moral turpitude involves duties owed by man to society, as well as acts "contrary to justice, honesty, principle, or good morals."
The term moral turpitude has been held sufficiently clear in deportation proceedings, Jordan v. DeGeorge, 341 U.S. 223, 71 S.Ct. 703, 95 L.Ed. 886 (1951), and is the standard for consideration in proceedings involving disbarment of attorneys, Holland v. Flournoy, 142 Fla. 459, 195 So. 138 (Fla. 1940); revocation or suspension of medical licenses, State ex rel. Tullidge v. Hollingsworth, supra; and immigration, United States ex rel. Alvarez Y Flores v. Savoretti, 205 F.2d 544 (5th Cir.1953).
Finding no denial of due process for vagueness or other constitutional impediment, we hold that Section 475.25(1)(e), Florida Statutes (1977) is constitutional.

2. Crimes involving moral turpitude.
Next, we address the question of whether appellant is guilty of crimes which involve moral turpitude. Section 475.25(1)(e), Florida Statutes (1977) states that the Board may suspend a license if the licensee has:
(e) Been guilty of a crime against the laws of this state or of the United States, involving moral turpitude, or fraudulent or dishonest dealing; and the record of a conviction certified or authenticated in such form as to be admissible in evidence under the laws of the state, shall be admissible as prima facie evidence of such guilt... . (Emphasis supplied).
The statute clearly provides that only crimes involving moral turpitude or fraudulent or dishonest dealing lead to license suspension; not every felony conviction requires a license suspension. Crimes constituting violations of one's duties in dealings with members of society may be classified as crimes involving moral turpitude. Everett v. Mann, 113 So.2d 758 (Fla. 2d DCA 1959). For example, in Florida, mere possession of lottery tickets does not constitute moral turpitude and is not an offense for which the Real Estate Board may suspend a license, Everett v. Mann, supra, but the sale by a physician of bogus diplomas and licenses does constitute moral turpitude. State ex rel. Munch v. Davis, 143 Fla. 236, 196 So. 491 (Fla. 1940). Bookmaking has been held to be a crime involving moral turpitude since the public is deprived of legitimate tax revenues by such conduct. Carp v. Florida Real Estate Commission, 211 So.2d 240 (Fla. 3d DCA 1968).
In other jurisdictions, crimes which have been held to involve moral turpitude include: extortion, In re Disbarment of Coffey, 123 Cal. 522, 56 P. 448 (1899); embezzlement, In re Shumate, 382 S.W.2d 405 (Ky. 1964); use of the mail to obtain property under false pretenses, In re Comyns, 132 Wash. 391, 232 P. 269 (1925); possession of counterfeit money with intent to cheat and defraud persons to whom it is uttered, State Medical Board v. Rogers, 190 Ark. 266, 79 S.W.2d 83 (1935); indecent exposure, Brun v. Lazzell, 172 Md. 314, 191 A. 240 (1937); *192 auto theft, Hulgan v. Thornton, 205 Ga. 753, 55 S.E.2d 115 (1949); possession and transportation of intoxicating liquor under the Prohibition Act, Rudolph v. United States ex rel. Rock, 6 F.2d 487 (D.C. Cir.), cert. denied, 269 U.S. 559, 46 S.Ct. 20, 70 L.Ed. 411 (1925). (Rudolph arose under prohibition. It is unlikely that mere possession of illegally distilled spirits would now be considered moral turpitude. Jenkins v. Beary, 241 So.2d 866 (Fla. 1st DCA 1970 (dicta)).
In reviewing cases from other jurisdictions concerning drug offenses, we find that moral turpitude has been established by the sale of opium, In re McNeese, 346 Mo. 425, 142 S.W.2d 33 (1940); by a physician's failure to keep a record of narcotics dispensed to a known addict, Brainard v. Board of Medical Examiners of California, 68 Cal. App.2d 591, 157 P.2d 7 (1945); by the sale of morphine, Texas v. Speer, 109 S.W.2d 1150 (Tex.Civ.App. 1937); and by the sale of drugs for non-medical use, DuVall v. Board of Medical Examiners of Arizona, 49 Ariz. 329, 66 P.2d 1026 (1937). None of these authorities involves mere possession of drugs. The cited authorities persuade us that mere possession of a controlled substance is not a crime within the contemplation of section 475.25(1)(e). Furthermore, the totality of circumstances and the findings of treatment and rehabilitation entered by the hearing examiner and approved by the Board reflect that appellant's situation should be dealt with in a manner similar to the disposition in Yakov v. Board of Medical Examiners, 68 Cal.2d 67, 435 P.2d 553, 64 Cal. Rptr. 785 (1968) and State ex rel. Schiewitz v. Wisconsin Real Estate Brokers' Board, 188 Wis. 632, 206 N.W. 863 (1926). In Yakov, a physician was convicted of furnishing amphetamines to treat excessive weight, but since his motive was treatment rather than personal gain, the court found no moral turpitude. In State ex rel. Schiewitz, permitting the use of a building for immoral purposes did not preclude the issuance of a license when subsequent events were taken into consideration.
The intent underlying the enactment of chapter 475 is to insure the protection of the public from unscrupulous and dishonest real estate brokers. Its purpose is to guard against fraudulent real estate practices, State ex rel. Davis v. Rose, 97 Fla. 710, 122 So. 225 (1929); Reid v. Florida Real Estate Commission, 188 So.2d 846 (Fla. 2d DCA 1966). In Reid, the court, evaluating the theft of a three-dollar steak, found no moral turpitude, stating that penal sanctions should be imposed "only upon clear and convincing proof of substantial causes justifying the forfeiture." Reid v. Florida Real Estate Commission, supra at 851. The penalty of suspension should be sparingly and cautiously used and directed at the dishonest and unscrupulous. Pauline v. Borer, 274 So.2d 1 (Fla. 1973). The potential for selective enforcement should be avoided.
In conclusion, we find an absence of legislative intent to make guilt of every crime a basis for suspension of a real estate license. If the legislature wishes to protect the public to that extent, it may enact legislation encompassing all crimes. Under the law involved in the case before us, and applying that law to the facts and circumstances here involved, we hold that since appellant was not found guilty of a crime involving moral turpitude, the suspension of his real estate license was unjustified.
Reversed.
DANIEL S. PEARSON, Judge, dissenting.
"In law ... the right answer usually depends on putting the right question." Rogers v. Helvering, 320 U.S. 410, 413, 64 S.Ct. 172, 174, 88 L.Ed. 134 (1943).
I express no view on whether the majority has provided the right answer to the question of whether the felony possession of a controlled substance is a crime of moral turpitude. The trouble is that Pearl never asked that question on this appeal.
Pearl's sole point on appeal is this:
"475.25(1)(e), FLORIDA STATUTES, WHICH PERMITTED THE BOARD TO SUSPEND PEARL'S REAL ESTATE SALESMAN'S LICENSE UPON A FINDING THAT HE HAD COMMITTED A CRIME OR CRIMES INVOLVING `MORAL TURPITUDE' WAS UNCONSTITUTIONALLY VAGUE AND DID NOT PROVIDE PEARL WITH *193 DUE PROCESS OF LAW AS REQUIRED BY THE UNITED STATES AND FLORIDA CONSTITUTIONS."
His one and one-half page brief is limited to the argument that the term "moral turpitude" is vague, fails to provide adequate notice, and thus denies him due process of law. Viewed charitably, this argument simply does not embody the question whether, if the statute is held constitutional, Pearl's crime is one involving "moral turpitude."[1]
Except to recognize fundamental error, e.g., Gonzalez v. State, 392 So.2d 334 (Fla. 3d DCA 1981); Cunningham v. State, 385 So.2d 721 (Fla. 3d DCA 1980), which is not present here, we do not decide questions not raised on appeal. I agree with the majority that Section 475.25(1)(e), Florida Statutes (1977), is not unconstitutionally vague. That answers the only question before us. I would leave for another day, when the issue is properly before us, the question of whether the felony possession of a controlled substance is a crime of moral turpitude under this section. I would affirm the judgment below.
NOTES
[1] Concededly, Pearl raised this separate point in the proceedings below. Merely because the point was thus preserved for our potential review does not relieve Pearl of the obligation to present the point to us.