406 So.2d 1170 (1981)
Howard W. ADAMS and Randy D. Ward, Appellant,
v.
STATE of Florida, PROFESSIONAL PRACTICES COUNCIL, Appellee.
No. YY-304.
District Court of Appeal of Florida, First District.
November 17, 1981.
*1171 Philip J. Padovano, Tallahassee, and Ronald G. Meyer, Tampa, for appellants.
James D. Little, Gen. Council, State Board of Ed., Tallahassee, for appellee.
Harry A. Blair, Fort Myers, for amicus curiae School Bd. of Lee County, Fla.
McCORD, Judge.
Appellants Adams and Ward appeal from appellee State of Florida Professional Practices Council's orders revoking their teaching certificates pursuant to § 231.28, Florida Statutes. The basis of the certificate revocation proceedings is that appellants were found to be in possession of 52 marijuana plants on April 1, 1979. The grounds set forth by the Council for revocation are that appellants "are guilty of acts involving moral turpitude, that as a result of the commission of these acts their effectiveness in the Lee County School System has been seriously impaired, and that they have failed to provide leadership and direction for others by appropriate example." We affirm.
As their first point, appellants contend that the warrantless seizure of the marijuana cannot be justified under the plain view exception to the search warrant requirement and, therefore, the marijuana evidence should have been suppressed. The marijuana plants were discovered when a police officer, in response to a call from one of appellants' neighbors was pursuing two young vandals. In his pursuit, the officer was informed by the neighbor that the two vandals had proceeded in the direction of appellants' backyard. In his effort to apprehend the vandals, the officer crossed appellants' backyard and, in the process, saw two silhouettes in a greenhouse in the yard. He stopped at the open door to the greenhouse to inquire of the people therein about the vandals. As he looked inside the greenhouse, he observed the 52 marijuana plants. He thereafter seized the plants.
The officer's warrantless seizure of the plants falls clearly within the "plain view" exception to the search warrant requirement. Compare Ensor v. State, 403 So.2d 349 (Fla. 1981). In Ensor, the court defined the "plain view doctrine" as follows:
In this situation, an officer is legally inside, by warrant or warrant exception, a constitutionally protected area and inadvertently observes contraband also in the protected area. It is this situation for which the United States Supreme Court created the "plain view doctrine" in Coolidge and held that an officer could constitutionally seize the contraband in "plain view" from within this protected area. We emphasize that it is critical under this doctrine for the officer to be already within the constitutionally protected area when he inadvertently discovers contraband.
In the instant case, the officer, being in hot pursuit of the two vandals, was legally within the constitutionally protected area of appellants' backyard when he inadvertently discovered the contraband. Therefore, the marijuana evidence was properly admissible in the revocation proceedings.
Appellants further contend that the evidence is insufficient to establish that they engaged in an act of immorality. Section 231.28(1) provides that a teacher's certificate may be revoked if it can be shown that the teacher

*1172 ... has been guilty of gross immorality or an act involving moral turpitude, ... or upon investigation has been found guilty of personal conduct which seriously reduces his effectiveness as an employee of the school board, or has otherwise violated the provisions of law ... or has refused to comply with the regulations of the state board of education or the school board in the district in which he is employed. (Emphasis supplied.)
Appellants argue that possession of marijuana is not an inherent wrong and, therefore, cannot be classified as gross immorality or "moral turpitude" for purposes of the revocation proceedings. Appellants rely upon Pearl v. Florida Board of Real Estate, 394 So.2d 189 (Fla. 3d DCA 1981), and certain California cases. The Pearl case involved the suspension of a realtor's license by the Florida Board of Real Estate because he pled guilty to possession of marijuana. The court ruled that "possession of a controlled substance does not establish moral turpitude within the purview of Section 475.25(1)(e)." In our view, however, the moral standard to be upheld by teachers is different from that of realtors, since teachers are charged by §§ 231.09 and 231.28(1) with providing leadership and maintaining effectiveness as teachers. By virtue of their leadership capacity, teachers are traditionally held to a high moral standard in a community. See Negrich v. Dade County Board of Public Instruction, 143 So.2d 498 (Fla. 3d DCA 1962). Further, the record contains substantial evidence that appellants' possession of marijuana received widespread newspaper publicity in the Lee County area and that many people were aware of the facts involved. The evidence indicates that possession of marijuana is considered a very serious and morally wrong offense in the Lee County Community and that appellants' involvement with marijuana had seriously impaired their abilities to remain effective teachers. The Council was justified in determining that, by being in possession of 52 marijuana plants, appellants had not fulfilled their duties of providing leadership and had lost their effectiveness as teachers. The Council did not err in revoking appellants' certificates.
AFFIRMED.
SHIVERS, J., and LILES, WOODIE A. (Retired), Associate Judge, concur.