ORFINGER, J.
 

 Edward E. Cambas appeals an order of the Florida Real Estate Commission (the “Commission”) suspending his real estate license for two years and imposing a fine. Cambas argues that the Commission denied him due process by failing to conduct a timely, formal hearing. Cambas also argues that the Commission erred as a matter of law in concluding that he had committed a crime of moral turpitude. We affirm.
 

 The Department of Business and Professional Regulation, Division of Real Estate (the “Department”) filed an administrative complaint against Cambas, seeking to discipline him for his felony conviction .of leaving the scene of an accident with injury.
 
 [1]
 
 Cambas answered and requested a formal hearing, pursuant to section 120.57(1), Florida Statutes (2002). In his request for a formal hearing, Cambas admitted that he had pled guilty to one count of misdemeanor DUI and one count of leaving the scene of an accident. However, he argued that these were not crimes of moral turpitude or fraudulent or dishonest dealings, and thus, were not subject to discipline pursuant to section 475.25(1)(f), Florida Statutes (2002). Asserting that Cambas failed to dispute any specific material facts in its complaint, the Department filed a motion for an informal hearing, pursuant to section 120.57(2), Florida Statutes. The Commission granted the Department’s motion, concluding that there were no material disputed factual
 
 *670
 
 issues, and an informal hearing was held. After hearing arguments from both sides, the Commission determined that leaving the scene of an accident with an injury was a crime of moral turpitude and entered an order suspending Cambas’s real estate license. Cambas now appeals.
 

 Cambas first argues that the Commission erred by denying his request for a formal hearing. The Department concedes that Cambas requested a formal hearing, but argues that Cambas was not entitled to a formal hearing because there were no disputed material issues of fact. Section 120.57(1), Florida Statutes, provides a party the right to a formal hearing when material facts are in dispute. “However, when no material facts are in dispute, an agency is not required to hold a formal hearing.”
 
 Weiss v. Dep’t of Bus. & Prof'l Regulation,
 
 677 So.2d 98, 99 (Fla. 5th DCA 1996);
 
 see Village Saloon, Inc. v. Div. of Alcoholic Beverages & Tobacco, Dep’t of Bus. Regulation,
 
 463 So.2d 278, 285 (Fla. 1st DCA 1984) (“When material facts are not in dispute, an agency is not required to grant a formal proceeding, even though requested by the party, and is free to insist that the matter be handled by informal proceeding.”). Therefore, even when a party specifically requests a formal hearing, an agency may conclude that no dispute of material fact has been demonstrated and proceed informally.
 
 Nicolitz v. Bd. of Opticianry,
 
 609 So.2d 92, 93-94 (Fla. 1st DCA 1992). Because Cam-bas points to no disputed material facts, we see no error in denying his request for a formal hearing.
 

 Cambas also argues that the Commission erred in determining that he committed a crime of moral turpitude that would authorize the Commission to discipline him. Section 475.25(1)(f), Florida Statutes, allows the Commission to discipline a real estate licensee who is “convicted or found guilty of, or entered a plea of nolo contendere to, regardless of adjudication, a crime in any jurisdiction which directly relates to the activities of a licensed broker or sales associate, or involves moral turpitude or fraudulent or dishonest dealing.” Section 475.25 does not define what constitutes moral turpitude. However, the Florida Supreme Court has written:
 

 Moral turpitude involves the idea of inherent baseness or depravity in the private social relations or duties owed by man to man or by man to society. It has also been defined as anything done contrary to justice, honesty, principle, or good morals, though it often involves the question of intent as when unintentionally committed through error of judgment when wrong was not contemplated.
 

 State ex rel. Tullidge v. Hollingsworth,
 
 108 Fla. 607, 146 So. 660, 661 (1933) (citations omitted). “[C]rimes constituting violations of one’s duties in dealings with members of society may be classified as crimes involving moral turpitude.”
 
 Pearl v. Fla. Bd. of Real Estate,
 
 394 So.2d 189, 191 (Fla. 3d DCA 1981).
 

 While Florida courts have not specifically addressed whether leaving the scene of an accident with injury is a crime of moral turpitude, the courts of several other states have determined that it is.
 
 [2]
 
 
 *671
 

 See Frederickson v. Superior Court,
 
 187 Ariz. 273, 928 P.2d 697, 698 (Ariz.Ct.App.1996) (determining that leaving scene of accident is crime of moral turpitude because it is “an act which reflects adversely on one’s honesty and integrity”);
 
 People v. Dewey,
 
 42 Cal.App.4th 216, 49 Cal.Rptr.2d 537, 541 (1996) (holding that person seeking to evade criminal prosecution by leaving scene of accident commits crime of moral turpitude);
 
 People v. Bautista,
 
 217 Cal.App.3d 1, 265 Cal.Rptr. 661, 664-65 (1990) (noting that offense of felony hit- and-run is crime of moral turpitude for purposes of impeaching witnesses);
 
 State v. Horton,
 
 271 S.C. 413, 248 S.E.2d 263, 264 (1978) (concluding that offense of hit- and-run is contrary to justice, honesty and good morals, involves moral turpitude, and therefore, properly admitted into evidence as bearing on appellant’s credibility). We agree with these decisions.
 

 We conclude the Commission correctly determined that leaving the scene of an accident with injury is a crime of moral turpitude, as it reflects on the honesty, integrity, and good morals of the offender.
 

 We find no merit in the remaining issues. The Commission’s order is affirmed.
 

 AFFIRMED.
 

 PALMER, C.J. and SAWAYA, J., concur.
 

 [1]
 

 . §§ 316.027, 316.062, Fla. Stat. (2002).
 

 [2]
 

 . Crimes that Florida courts have determined constitute acts of moral turpitude with regards to disciplining real estate licensees include, but are not limited to: bookmaking,
 
 Carp v. Florida Real Estate Commission,
 
 211 So.2d 240 (Fla. 3d DCA 1968); manslaughter,
 
 Antel v. Department of Professional Regulation, Florida Real Estate Commission,
 
 522 So.2d 1056 (Fla. 5th DCA 1988); and possession of a controlled substance with intent to sell,
 
 Milliken v. Department of Business & Professional Regulation,
 
 709 So.2d 595 (Fla. 5th DCA 1998). Crimes that do not constitute moral turpitude include, but are not limited
 
 *671
 
 to: unlawful possession of lottery tickets,
 
 Everett v. Mann,
 
 113 So.2d 758 (Fla. 2d DCA 1959); possession of a controlled substance,
 
 Pearl v. Florida Board of Real Estate,
 
 394 So.2d 189 (Fla. 3d DCA 1981); and battery and criminal mischief for setting off a smoke bomb as a political protest,
 
 Nelson v. Department of Business & Professional Regulation,
 
 707 So.2d 378 (Fla. 5th DCA 1998).