PER CURIAM.
We have before us for consideration a petition of The Florida Bar to amend the Integration Rule, article XI. After due notice, the Court has heard argument in the matter. Having heard such argument and having reviewed the record and briefs, we approve the following proposed amendments, as revised by the Court:
Rule 11.02
(4) Trust funds and fees.
(c) TRUST ACCOUNTING PROCEDURES: The Florida Bar shall promulgate by-laws under this rule, such by-laws and amendments thereto to be approved by this Court, prescribing minimum trust accounting records which shall be maintained and minimum trust accounting procedures which must be followed by all attorneys practicing in Florida who receive or disburse trust money or property. The minimum procedure shall require reconciliation of trust account balances at periodic intervals and the annual filing of a certificate reflecting compliance with minimum record keeping and procedural requirements. Failure to file the required certificate or the return of a trust account check for insufficient funds shall be good cause for The Florida Bar to order an audit of the trust account at the cost of the attorney audited. Other audits for cause conducted by The Florida Bar shall be at the cost of the attorney audited unless the audit reveals that the attorney was without fault and that his trust account records and procedures are in substantial compliance with the minimum requirements.
Rule 11.03 (2)
(h) QUORUM, VOTE. Not less than three members shall constitute a quorum. All findings of probable cause and of guilt of minor misconduct shall be made by affirmative vote of a majority of the committee present, which majority must number at least two members. The number of committee members voting for or against the committee report shall be reflected in the report. Minority reports may be filed.
*2 Rule 11.03
(8) STAFF COUNSEL AND GRIEVANCE COMMITTEE CHAIRMAN DETERMINATIONS OF NO PROBABLE CAUSE. If staff counsel and a grievance committee chairman concur in a finding of No Probable Cause the complaint may be closed on such finding without reference to a grievance committee.
Rule 11.06
(3) NATURE OF PROCEEDINGS
(a) ADMINISTRATIVE IN CHARACTER. A disciplinary proceeding is neither civil nor criminal but is a quasi-judicial administrative proceeding. The Rules of Civil Procedure apply except as otherwise provided in the Integration Rule.
Rule 11.06
(9) REFEREE’S REPORT
(a) CONTENTS OF REPORT. Within 30 days after the conclusion of a trial before a referee or 10 days after the referee receives the transcripts of all hearings, whichever is later, or within such extended period of time as may be allowed by the President of The Florida Bar for good cause shown, the referee shall make a report and enter it as part of the record, but failure to enter the report in the time prescribed shall not deprive the referee of jurisdiction. The referee’s report shall include (1) a finding of fact as to each item of misconduct of which the respondent is charged, which findings of fact shall enjoy the same presumption of correctness as the judgment of the trier of fact in a civil proceeding, (2) recommendations as to whether or not the respondent should be found guilty of misconduct justifying disciplinary measures, (3) recommendations as to the disciplinary measures to be applied. (4) a statement of any past disciplinary measures as to the respondent which are on record with the executive director of The Florida Bar or which otherwise become known to the referee through evidence properly admitted by the referee during the course of the proceedings. After a finding of guilt all evidence of prior disciplinary measures may be offered by bar counsel subject to appropriate objection or explanation by respondent, and (5) a statement of costs of the proceedings and recommendations as to the manner in which costs should be taxed. The costs shall include court reporters’ fees, copy costs, witness fees and traveling expenses and reasonable traveling and out-of-pocket expenses of the referee and bar counsel, if any. Costs shall also include a $50 charge for administrative costs at the grievance committee level and a $50 charge for administrative costs at the referee level.
Rule 11.06
(11) PLEA OF GUILTY BY ACCUSED OR RESPONDENT
(c) UNCONDITIONAL. An unconditional plea of guilty shall not preclude review as to disciplinary measures imposed.
Rule 11.10 (7) EMPLOYMENT OF CERTAIN DISCIPLINED ATTORNEYS
When attorneys have been placed on the inactive list, suspended, disbarred or allowed resignation pursuant to Rule 11.08 by order of this Court, they are ineligible to practice law until reinstated or readmitted. However, this shall not preclude a lawyer, law firm or professional association from employing the suspended, disbarred or resigned individual to perform such services only as may ethically be performed by other lay persons employed in attorneys offices under the following conditions:
(1) Notice of employment along with a full job description will be provided to staff counsel before employment commences.
*3 (2) Information reports verified by the employee and employer will be submitted to staff counsel quarterly; such reports shall contain a statement by the employing lawyer certifying that no aspect of the employee’s work for the period involved the unauthorized practice of law.
(3) No suspended or disbarred attorney shall have direct contact with any client or receive, disburse or otherwise handle funds or property of a client.
It is so ordered.
ADKINS, C. J., and ROBERTS, BOYD, OVERTON, ENGLAND and HATCHETT, JJ„ concur.
SUNDBERG, J., concurs in part and dissents in part with an opinion.