PER CURIAM.
This disciplinary proceeding is before us on complaint of The Florida Bar, Report of the Referee and petition for review filed by respondent.
The Florida Bar filed a complaint against respondent in August, 1974, charging that he was employed by Joy S. Barnes in April, 1972, to represent her son on several criminal charges in Brevard and Indian River Counties, that as security for the fees of respondent, Mrs. Barnes gave numerous items of personal property to Gene Bacon who acted as an agent for respondent, that respondent Thomson failed to notify Mrs. Barnes of the receipt of her property and did not maintain records as to the value and whereabouts of the property in their possession, that respondent, without notice to Mrs. Barnes, wrongfully disposed of the personal property and retained the proceeds, that upon request for the return of the property, respondent neither returned the property nor provided her with an accounting, and that by reason of the foregoing, respondent has violated Rules 11.-02(3)(a) and 11.02(4), Article XI, Integration Rule and Disciplinary Rules 1-102(A)(4) and 9-102(B), Code of Professional Responsibility-
Hearings were held and after considering all of the pleadings, exhibits, and evidence, the Referee found that the respondent Thomson on or about April, 1972, was a member of The Florida Bar engaged in the practice of law in Melbourne, Florida; that one Joy S. Barnes sought the services of an attorney for her son, Mark S. Barnes, and was referred to respondent Thomson; that respondent Thomson was employed by Mrs. Barnes as the attorney for Mrs. Barnes’ son; that another attorney and the respondent Thomson had a very loose arrangement with respect to the practice of their profession; that the other attorney permitted respondent Thomson to use his office, stationery with his name thereon, and his *553 secretary; that the other attorney further permitted respondent Thomson to use an agent of his, one Gene Bacon; that at all times relevant to this matter, the respondent Thomson was an associate of the other attorney; that the other attorney prepared a proposed schedule of fees for respondent Thomson’s representation of Mrs. Barnes’ son; that the other attorney and respondent Thomson acquired possession of certain personal property of Mrs. Barnes, which personal property was entrusted to them as security for the fees owed by Mrs. Barnes to the respondent Thomson for the representation of Mrs. Barnes’ son; that the respondent Thomson knew that said personal property of Mrs. Barnes was to be held as security for his fee; that the respondent Thomson sold portions of the personal property of Mrs. Barnes which had come into their possession as security for the fee owed to respondent Thomson; that the respondent Thomson directly received the proceeds from the sale of said personal property; that the sale of said personal property occurred without the knowledge or consent of Mrs. Barnes and no accounting was ever made by respondent Thomson to Mrs. Barnes with respect to the sale of said personal property.
The Referee recommends that the respondent Thomson be found guilty of a violation of Article XI, Rule 11.02(3)(a), Rule 11.-02(4), of the Integration Rule, and of Disciplinary Rule 1-102(A)(4) and 9-102(B) of the Code of Professional Responsibility. As regards disciplinary measures to be applied, the Referee explained:
“I have experienced considerable difficulty in recommending a disciplinary measure appropriate in this ease in view of the court’s decision in The Florida Bar v. Thomson (the same respondent) [Fla.], 271 So.2d 758, in which the court stated that the penalty assessed should not be made for the purpose of punishment but to protect the public interest and to give fair treatment to the accused attorney. I believe that the public interest could only be protected by disbarment of the respondent, however I do not find that the evidence is sufficiently clear and convincing to warrant a finding that the respondent acted with a corrupt motive that would warrant disbarment. The respondent’s callous disregard for the property of another specifically entrusted to him for a specific purpose is sufficiently grave and detrimental to the public interest that a two year suspension from the practice of law is recommended, and thereafter until such time as he demonstrates that his conduct would warrant the removal of the suspension.”
Upon examination of the total record in this cause, we approve the findings and recommendations of the Referee. The recommendation to suspend the respondent for two years is the proper punishment, particularly when the respondent’s prior disciplinary offense is considered. Accordingly, the respondent is suspended from the practice of law in Florida for two years from the effective date of this order and until such time as he demonstrates proof of rehabilitation.
Execution is hereby directed to issue against respondent for costs in the amount of $594.18.
It is so ordered.
OVERTON, ENGLAND, HATCHETT and DREW (Retired), JJ., concur.
ADKINS, C. J., and ROBERTS, J., agree to conviction but penalty is excessive.
BOYD, J., concurs in part and dissents in part with an opinion.