Pursuant to opinion of this Court entered February 26, 1976, 332 So.2d 1, certain amendments to the Integration Rule of The Florida Bar, including a new rule numbered 11.02(4)(c), were approved. By such order, bylaws implementing such rule are to be approved by this Court. The Florida Bar has filed its motion for implementing order requesting, inter alia, approval of proposed bylaws annexed to its motion. Henry P. Trawick, Jr., a member of The Florida Bar, has filed his response to the motion.
Upon consideration of the motion of The Florida Bar and response thereto, it is hereby ordered as follows:
1. The bylaws implementing Integration Rule 11.02(4)(c), as revised by this Court and annexed hereto, be, and the same hereby are, approved;
2. The Florida Bar be, and the same hereby is, authorized to publish said bylaws pursuant to Integration Rule Article VII; and
3. The first certificate required to be filed under paragraph D-2 of the bylaws shall be filed between June 1, 1977 and August 15, 1977.
Proposed Bylaws Approved by the Board of Governors
July, 1976
A. Applicability: The provisions of these bylaws apply to all trust funds received or disbursed by members of The *1073 Florida Bar in the course of their professional practice of law except special trust funds received or disbursed by attorneys as guardian, personal representative, receiver, or similar capacity such as trustee under a specific trust document where the trust funds are maintained in a segregated special trust account and not the general trust account and wherein this special trust position has been created, approved, or sanctioned by law or an order of a court which has authority or duty to issue orders pertaining to maintenance of such special trust account.
B. The minimum trust accounting records which shall be maintained by all lawyers practicing in Florida who receive or disburse trust money subject to this bylaw and related to their practice of law in Florida are:
1. A separate bank account clearly labeled and designated a trust account as provided in Rule 11.02(4)(a).
2. A journal, file of receipts, file of deposit slips, or check book stubs listing the source and date of all receipts of trust funds.
3. A journal which may consist of can-celled checks, showing the date and recipient of all trust fund disbursements.
4. A file or ledger containing an accounting for each person from whom or for whom trust money has been received.
5. All cancelled checks drawn on the trust account whether or not such can-celled checks are used to satisfy the requirements of a journal under paragraph 3 above.
C. The minimum trust accounting record which shall be maintained by all lawyers practicing in Florida who receive or distribute trust property other than cash are journals, receipts, or files showing receipt or distribution of all trust property other than cash of intrinsic value of more than $50.
D. The minimum trust accounting procedures which shall be followed by all attorneys practicing in Florida who receive or disburse trust money or property are:
1. The lawyer shall cause to be made a reconciliation of his trust accounts balance at least quarterly and shall retain a copy of such reconciliation for at least 6 years.
2. The lawyer shall file with The Florida Bar between June 1 and August 15 of each year a certificate stating:
“I certify that I have read the provisions of Integration Rule 11.02(4) and the Bylaws under said rule and that I am in substantial compliance with the minimum requirements as to trust accounting records and procedures set forth therein.
Attorney”
OVERTON, C. J., and ROBERTS, ADKINS, BOYD, ENGLAND, SUNDBERG and HATCHETT, JJ., concur.