ENGLAND, Justice,
dissenting.
I would not eliminate the trust accounting certification requirement for 1977. On July 20, 1975 the Board of Governors brought to this Court a petition requesting that we amend Rule 11.02(4)(c) of the Integration Rule to improve trust accounting procedures for attorneys in the State of Florida. On February 26, 1976 we granted the petition,[1] and on October 21, 1976 we approved by-laws, one of which requires an annual certification of compliance, to implement the new rule.[2] At the time the petition and by-laws were presented we had every reason to believe that the mechanics of the proposed changes had been carefully evaluated by the Board. It now appears that this was not the case. Less than one year after this Court adopted the Board’s proposal, and almost two years after the Board first brought us the concept, the Board now asks that we abandon the certification requirement, which we have declined to do, or at least suspend it for 1977. This request is made on essentially two grounds.
First, the Board asserts that the certification requirement was predicated on the premise that attorney certification would be made on the annual dues statement sent to each bar member, and that it now appears impractical to proceed in that manner. I reject this as a basis for recision or suspension of the rule. Whatever may have been the bar’s premise in regard to the mechanics of certification,[3] the by-law which this Court adopted had no dues statement requirement.
Second, the Board asserts that burdensome costs in money and time will result from a certification process which is not made an adjunct to the annual dues statement. In support of this contention, the Board has mustered figures showing a cost ranging from $3,400 to $8,000, depending on the method used to provide notice to and obtain compliance from all members of the Bar. Simple notice in the Bar News, with a follow-up letter, is alleged to cost $3,400. I am not impressed with this late gesture toward fiscal conservatism. The Board proposed an annual certification requirement on the ground that Florida attorneys for the first time would have a simple reminder to check on their compliance with minimum trust accounting procedures, which in turn would avoid disciplinary problems and save grievance costs. It is inconceivable to me that the Board of Governors is now willing to abandon this simple preventive tool by describing as “an unnecessary expenditure of the dues dollar” an outlay of $3,400, out of a total annual budget of $4,713,495.[4]
It is apparent to me that the Board of Governors has retreated from the accountability requirement which it so heartily recommended to the Court just seven months ago. I will not speculate as to why the Board has had this change of heart, but it distresses me to contemplate the Bar’s lack of care in presenting the initial proposal to this Court, and its lack of resolution to see it through.
SUNDBERG, J., concurs.

. The Florida Bar, In re Amendment to Integration Rule Article XI, 332 So.2d 1 (Fla.1976).

. The Florida Bar, In re Amendment to Integration Rule Article XI, 338 So.2d 1072 (Fla.1976).

. The dues statement “premise” in fact appeared for the first time not in the Board’s original petition but in its response to an objection that the procedure would be unwieldly and costly.

. 1977-78 Proposed Budget, as published in 51 Florida Bar J. 192 (Apr. 1977). The Bar’s direct disciplinary costs for 1977-78 are projected to be $589,290. Id. at 193.