PER CURIAM.
The Florida Bar has filed in this Court its recommendation,[1] together with a record of the proceedings, on Charles Thomson’s petition for reinstatement to membership in The Florida Bar. The recommendation opposes reinstatement.
Charles Thomson’s membership in The Florida Bar was suspended for two years by order of this Court. Florida Bar v. Thomson, 271 So.2d 758 (Fla.1972). During the suspension he was employed by two attorneys as a paralegal. The Florida Bar informed the attorneys that it believed the paralegal employment to be unethical. In response Thomson, through one of the attorneys, filed a Petition for Clarification which resulted in an order of this Court permitting him, during his suspension, to continue limited, supervised employment as a paralegal. Florida Bar v. Thomson, 310 So.2d 300 (Fla.1975).
Just as the two-year suspension was to have ended, Thomson was charged by the Bar with misconduct committed when he had been in good standing. Mrs. Joy S. Barnes had given Thomson personal property as security for a fee due him for representation of her son. The charged misconduct was that he had disposed of the property without her knowledge and consent and without an accounting. In view of this charge Thomson did not seek reinstatement and so the suspension continued. Hearings were conducted by the Bar, suspension, was recommended, and this Court ordered a second suspension of two years. Florida Bar v. Thomson, 344 So.2d 552 (Fla.1976). By the time Thomson’s petition for rehearing on the second suspension was disposed of, more than four years (the sum of the time periods of the two suspensions) had elapsed since imposition of the original suspension. On rehearing, therefore, this Court permitted Thomson to petition immediately for reinstatement. Id., at 554, on rehearing denied March 31, 1977.
Following a hearing on Thomson’s petition for reinstatement the referee, despite evidence of rehabilitation, reluctantly concluded that the petition should be denied because Thomson, while a paralegal as allowed by. order of this Court, had had direct contact with clients in contravention of that order. Such client contact was predictable. See Florida Bar v. Thomson, 310 So.2d 300 (Fla.1975), Overton, J., dissenting. And in fairness to Thomson it cannot be said that all client contact was strictly and specifically forbidden by this Court’s order.[2] It appears from the testimony adduced at the hearing that Thomson did not hold himself out to be an attorney in his contact with *874 clients and that such contact was largely for the purpose of relaying information to attorneys out of the office and did not include the rendering of legal advice. Since the client contact was casual and minimal, we conclude that Thomson should not be denied reinstatement on that basis. Nothing in this opinion, however, is to be taken as an indication that this Court, in the future, will tolerate direct client contact by a suspended attorney performing lay legal services. See Rule 11.10(7)(3), Article XI, Integration Rule of The Florida Bar.
We have carefully considered the entire record, including the report of the referee, and it is the order of this Court that Charles E. Thomson is hereby reinstated as a member of The Florida Bar upon the effective date of this order. He is hereby ordered to pay costs in the amount of $156.83 to The Florida Bar within thirty days of the filing of this order, said amount being in addition to the $150.00 deposit previously made.
It is so ordered.
ADKINS, Acting C. J., and BOYD, ENGLAND, HATCHETT and KARL, JJ., concur.

. Article XI, Rule 11.11(10), Integration Rule of The Florida Bar.

. Suspended attorneys who are employed to perform legal services which laymen may ethi *874 cally perform are on notice that direct contact with clients is strictly forbidden. Employers of suspended attorneys are on such notice, as well. Rule 11.10(7)(3), Art. XI, Integration Rule of The Florida Bar, amended after Thomson was given permission to work as a paralegal. Florida Bar, In re Amendment to Integration Rule, Art. XI, 332 So.2d 1 (Fla. 1976).