# STATE OF FLORIDA v MCKINNEY
## Case No. 88-1724CF

Nineteenth Judicial Circuit, Martin County

July 5, 1989

### APPEARANCES OF COUNSEL

**Nita Denton,** Assistant State Attorney, for appellant.

**Richard D. Kibbey,** for appellee.

### OPINION OF THE COURT

DWIGHT L. GEIGER, Chief Judge.

This is an appeal from a Martin County Court order suppressing as evidence marijuana seized from appellees' yard without a warrant.

On September 30, 1988, shortly after midnight, police officers from the Stuart Police Department were chasing a juvenile who fled when the police attempted to arrest him. The chase led the police officers in the general area of the Lakeside Apartments. The apartments are

directly behind the appellees' home and are separated by a fence from that property. Several officers heard something behind the fence and jumped it onto appellees' property. While Officer Deleon was jumping over the fence to chase the juvenile, he got caught on the barbed wire at the top of the fence. As the officer was hanging on top of the fence, he observed marijuana plants along the fence inside of appellees' yard. The officer seized the marijuana plants. Appellees were located and read their "Miranda" rights and questioned. Both appellees admitted knowledge of the marijuana plants.

The Florida Supreme Court in *Ensor v State*, 403 SO.2d 349, 352 (Fla. 1981) held that once an officer is legally inside a constitutionally protected area and inadvertently observes contraband in the protected area, the officer may constitutionally seize the contraband in "plain view."

The First District Court of Appeals has held that an officer who was in hot pursuit of two vandals was legally within the constitutionally protected area of a person's backyard when he inadvertently discovered contraband there. *Adams v State Professional Practices Council*, 406 So.2d 1170 (Fla. 1st DCA 1981).

In the case at bar, the police officer was on top of the fence only because he was in pursuit of a fleeing juvenile. Thus, as in *Adams*, the officer was legally within the constitutionally protected area of appellees' yard when he inadvertently say the contraband because he was not on the property without a warrant for the purpose of seizing the contraband. Rather, he was on the property to chase a fleeing juvenile, and he discovered the marijuana in plain view and was legally authorized to seize it.

For the above reasons, the order suppressing evidence is reversed, and the case is remanded for further proceedings not inconsistent with this opinion.

DONE AND ORDERED this 5th day of July 1989 in chambers.